**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  2:16CR36 |
| | ) |
| GERALD ANDREW DARBY, | ) |
| | ) |
| Defendant. | ) |

**CONSENT MOTION TO ALLOW TESTIMONY THROUGH
VIDEO TELECONFERENCE**

Now comes the United States of America, by and through attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, and Elizabeth M. Yusi, Assistant United States Attorney, and respectfully requests that the Court allow witness testimony via video teleconference (VTC) at the hearing scheduled for May 10, 2016, at 11:00 a.m. concerning defendant's motion to suppress and request for a *Franks* hearing. Defense counsel has been contacted and does not oppose this request. In support of this request, the government avers the following:

**BACKGROUND**

After a months-long investigation, the FBI briefly assumed administrative control of "Playpen," a website dedicated to the sharing of child pornography. The FBI also sought and obtained a warrant permitting it to deploy a "Network Investigative Technique" (the "NIT") during that same period, which would cause a computer logging into Playpen to reveal certain identifying information—most importantly, its concealed Internet Protocol ("IP") address. Among the IP addresses identified accessing Playpen was one associated with defendant GERALD ANDREW DARBY. Following the execution of a search warrant at DARBY's

home in Suffolk, Virginia, DARBY was indicted and arrested on charges of receipt and possession of child pornography involving a prepubescent minor.

DARBY seeks to suppress the information obtained by the NIT and used to identify his home computer and its location, along with all other evidence derived from that information. DARBY also requests a *Franks* hearing, but provides no showing—much less a substantial, preliminary one—to justify a *Franks* hearing. The Court is scheduled to hear the motion to suppress on May 10, 2016.

## REQUEST FOR ACCOMMODATION

The government requests that two agents from the Federal Bureau of Investigation be allowed to testify via VTC from the Alexandria Courthouse for two reasons. First, because of the enormity of the underlying investigation, the lead agent and affiant of the search warrant have been and will be traveling around the country for a series of redundant motions to suppress. Second, the defense counsel informed the government that he is not going to present any evidence or experts at the hearing and he has no objection to the government's request. To have both agents travel to Norfolk for testimony that may or may not be needed is wasteful and can be easily rectified by allowing their testimony via VTC.

A. The Enormity of the Investigation

As discussed in the "Background" section in the government's response to defendant's motion, the online forum that was the basis of the search warrant was massive; it had more than 150,000 total members and contained tens of thousands of postings related to child pornography. While not all of the members were able to be identified, as of January 2016, approximately 137 members of the site have been arrested and have criminal charges pending. More will be charged as forensics are completed. In many of these cases, the defense has moved to suppress

the NIT warrant and requested *Franks* hearings using the exact same arguments at issue here. *See e.g.* Dkt. 16, Gov't Resp. to Mot. at 3, n. 1.

FBI Special Agent Daniel Alfin is one of the lead investigators of the website, and FBI Special Agent Douglas Macfarlane is the affiant of affidavit that is the subject of defendant's motion. Because of the enormity of the investigation and the consistent filings of the same motions, the agents already traveled to Washington, and one or both are scheduled to travel to Texas, North Carolina, Arkansas, and Vermont in the next month or so in order to testify at motion hearings and trials. Traveling to all 137 suppression hearings, should there be that many motions and hearings, is untenable and wasteful of the government's resources.

B.  The Defense is Not Presenting Evidence and Consents to this Motion

The government spoke with defense counsel concerning the hearing. He informed the government that he does not plan to present any evidence or expert witnesses to support the motion to suppress or request for a *Franks* hearing, but will rely on his pleadings and additional argument. Further, he does not oppose the government's request to have the witnesses testify via VTC[1].

In an abundance of caution, the government requested that both FBI agents be available to testify for the May 10th hearing. Agent Alfin would address the motion to suppress. Agent Macfarlane would be available to testify at the *Franks* hearing, if the Court ordered a hearing.

While the defendant has the burden to show a basis for the Court to proceed, he has not and will not be providing any evidence except for proffered information. For the government to have two agents travel to Norfolk for the hearing where they may or may not be needed can

---

[1] While it is unclear whether the defendant's Right to Confrontation would be invoked in a hearing on a motion to suppress, defendant is waiving this right. Further, he will have the opportunity to cross-examine the government's witnesses as if the witnesses were located in the courtroom.

3

easily be avoided by allowing for their testimony via VTC. Further, Agent Alfin is on family leave until August 1, 2016, and has limited availability. He stated that it would be much easier on him and his family should he be allowed to testify via VTC.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests the Court, if necessary, to allow the FBI agents to testify via VTC from the Alexandria courthouse.

>Respectfully submitted,
>
>DANA J. BOENTE
>UNITED STATES ATTORNEY
>
>By: _____/s/_____
>Elizabeth M. Yusi
>Assistant United States Attorney
>Attorney for the United States
>United States Attorney's Office
>101 West Main Street, Suite 8000
>Norfolk, Virginia 23510
>Phone: (757) 441-6331
>Fax: (757) 441-6678
>Email: elizabeth.yusi@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to the following:

Rodolfo Cejas
Assistant Federal Public Defender

_____/s/_____
Elizabeth M. Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Phone: (757) 441-6331
Fax: (757) 441-6678
Email: elizabeth.yusi@usdoj.gov