# FEDERAL PUBLIC DEFENDER

EASTERN DISTRICT OF VIRGINIA
150 BOUSH STREET, SUITE 403
NORFOLK, VIRGINIA 23510
TEL: (757) 457-0800
FAX: (757) 457-0880
Email: rodolfo_cejas@fd.org

Geremy C. Kamens  
Federal Public Defender

Rodolfo Cejas, II  
Assistant Federal Public Defender

May 10, 2016

<u>VIA ECF</u>
Hon. Robert G. Doumar
Senior United States District Judge
Eastern District of Virginia
600 Granby Street, Room 42B
Norfolk, VA 23510

RE: *United States v. Gerald A. Darby*, Case No. 2:16cr36 – Suppression

Dear Judge Doumar:

At the end of today's hearing, the Court raised two questions that the defense would like to briefly address and upon which supplemental authority bears.

First, the Court wondered whether—under two novel interpretations offered by the government—Rule 41 might have authorized remote NIT searches of activating computers wherever located. On May 5, 2016, U.S. District Judge Young issued an amended opinion that addressed and rejected these arguments. A copy of that decision, *United States v. Levin*, No. 15cr10271, 2016 WL 2596010, at *1 (D. Mass. May 5, 2016), is attached for the Court's review.

Next, the Court queried whether Mr. Darby was "prejudiced" by any Rule 41 violation since a warrant geographically restricted to the Eastern District of Virginia would have authorized a search of his computer. First, the warrant was void *ab initio*, making the search here warrantless. This constitutional problem makes any prejudice analysis that applies to non-constitutional Rule 41 violations inapplicable. *See United States v. Simons*, 206 F.3d 392, 403 (4th Cir. 2000). Second, prejudice exists when the "the Government would not have obtained [the warrant] had Rule 41(b)(1) been followed." *United States v. Krueger*, 809 F.3d 1109, 1116 (10th Cir. 2015). Here, the magistrate ***could not*** have issued an NIT warrant that followed Rule 41. The whole point of the NIT Warrant was to search computers ***to determine their location***. Before deploying the NIT, the government did not know where it was searching. Thus, the only way to follow Rule 41 was not to issue an NIT warrant at all.

Sincerely,

Rodolfo Cejas, II

Attachment