**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 2:16cr36 |
| ) | |
| GERALD ANDREW DARBY, ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENT TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SECOND MOTION TO SUPPRESS

Now comes the United States of America, by and through attorneys, Dana J. Boente, United States Attorney for the Eastern District of Virginia, Elizabeth M. Yusi, Assistant United States Attorney, and Leslie Williams Fisher, United States Department of Justice Trial Attorney, and submits this supplement to its response in opposition to the defendant, GERALD ANDREW DARBY's Second Motion to Suppress information identifying his home computer recovered pursuant to a search warrant that authorized the use of a network investigative technique to recover such information.

Defendant's First Motion To Suppress was filed on April 13, 2016 (Doc. 15) and the Government's Response To Defendant's First Motion To Suppress was filed on April 27, 2016 (Doc. 16). On May 3, 2016, the defendant filed a second motion to suppress (Doc. 18), to which the United States responded on May 9 (Doc. 22). A hearing was held on the motions before this Court on May 10, 2016. Following that hearing, the defendant filed a letter addressing the arguments made at that hearing (Doc. 25). The United States relies on the previous filed responses to the defendant's motions to suppress, and also provides the following in response to the defendant's letter.

As briefed in Government's Response to Defendant's Second Motion to Suppress (Doc. 22), the defendant lacks standing to make any argument regarding how the issuance of the NIT warrant would apply to a party found outside of the Eastern District of Virginia. The defendant is located in the Eastern District of Virginia. The magistrate who issued the NIT warrant was located in the Eastern District of Virginia. A person who seeks to suppress "damaging evidence secured by a search of a third person's premises or property" in which he has no cognizable privacy interest "has not had any of his Fourth Amendment rights infringed" and is therefore not entitled to benefit from the exclusionary rule's protections. *Rakas v. Illinois*, 439 U.S. 128, 134 (1978). The defendant has no standing to raise the argument that the magistrate lacked jurisdiction to issue the warrant as applied to anyone outside of the Eastern District of Virginia.

As thoroughly briefed in the Government's Response to Defendant's Second Motion to Dismiss (Doc. 22), the NIT warrant did not violate Rule 41(b). However, even assuming, *arguendo*, that this Court finds that the warrant did violate Rule 41(b), suppression is not the appropriate remedy. Several district courts that have considered the same NIT warrant at issue in the instant case have denied similar motions to suppress[1]. In *United States v. Epich*, the district court for the Eastern District of Wisconsin adopted the magistrate's report and recommendation denying the defendant's motion to suppress, which found that the NIT warrant satisfied the requirements of the Fourth Amendment and that suppression would be "wildly out of proportion" to any "purported violation" of Rule 41(b). *United States v. Epich,* Case No. 15-CR-163 (E.D. Wis., March 14, 2016) (adopting the magistrate's report and recommendation, issued January 21, 2016). In *United States v. Stamper,* the Southern District of Ohio denied the

---

[1] All of the decisions cited in this response, as well as the cited Motion for Reconsideration, are attached for the Court's convenience. Please note that while the header on the *Stamper* decision indicates that it is sealed, it was ordered unsealed on May 10, 2016.

defendant's motion to suppress evidence obtained by the NIT warrant, finding that the NIT warrant was not unconstitutional in scope and that even assuming it were unconstitutional, suppression would not be warranted due to the good faith exception. *United States v. Stamper,* No. 1:15cr109 (S.D. Ohio February 19, 2016). While the court in *Stamper* found that the NIT warrant technically violated Rule 41(b), exclusion of evidence was not necessary because there was no showing of prejudice or an intentional and deliberate disregard of the rule. *Id.* Likewise, the Western District of Washington denied a defendant's motion to suppress, also finding that the violation of Rule 41(b) was technical in nature and did not warrant suppression. *United States v. Michaud*, Case No. 3:15-cr-05351-RJB (W.D. Wash., January 28, 2016).

In both Defendant's Second Motion to Dismiss (Doc. 18) and his more recent letter to the Court (Doc. 25), the defendant cites the *Levin* decision, wherein the district court for the District of Massachusetts granted the defendant's motion to suppress the evidence gathered as a result of the NIT warrant at issue here. *United States v. Levin,* Crim. No. 15-10271, 2016 WL 1589824 (D. Mass. Apr. 20, 2016). On May 13, 2016, the United States filed a motion for reconsideration of that order. In the motion the United States makes several arguments, including the one most pertinent to the instant case, that NIT warrant is not void *ab initio* because the magistrate judge was permitted, at a minimum, to issue the warrant for the search of activating computers located in the Eastern District of Virginia and other locations listed in Rule 41(b)(5).

## CONCLUSION

For the foregoing reasons, the defendant's Second Motion to Suppress the information identifying his home computer recovered pursuant to a search warrant that authorized the use of the network investigative technique should be denied.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY


By: /s/ Elizabeth Yusi
Elizabeth Yusi
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number: (757) 441-6331
Fax Number: (757) 441-6689
E-Mail Address: Elizabeth.Yusi@usdoj.gov


/s/ Leslie Williams Fisher
Leslie Williams Fisher
Trial Attorney
Department of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Ave. NW, Suite 600
Washington, DC 20005
Office Number: (202) 616-2557
Fax Number: (202) 514-1793
E-Mail Address: Leslie.Fisher2@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of May, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send an electronic notification of such filing to the following:

Rodolfo Cejas
Assistant Federal Public Defender

/s/ Leslie Williams Fisher
Leslie Williams Fisher