IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:16cr36 |
| | ) | |
| GERALD ANDREW DARBY | ) | |

**DEFENDANT'S MOTION TO COMPEL DISCOVERY**

Gerald Andrew Darby, through counsel and pursuant to Federal Rule of Criminal Procedure 16(d), respectfully moves this Court for an order compelling discovery material to trial and the defense's pending motions to suppress, ECF Nos. 15, 18.[1]

\*\*\*

The defense asks the Court to order the government to provide the source code or programming code for the NIT it used to search Mr. Darby's computer. In a similar case pending before this court, *United States v. Edward Mathis*, Docket No. 4:16cr16, the government invoked a "law enforcement privilege" and stated its intent not to provide this data, even under a protective order. The defendant anticipates that the government will take a similar position.

The defense is seeking a copy of the code so that a computer forensics expert can independently determine the full extent of the information the government seized from Mr. Darby's computer when it deployed the NIT; whether the NIT interfered with or compromised any data or computer functions; and whether the government's representations about how the NIT works are complete and accurate. This forensic information is relevant to Mr. Darby's First and Second Motions to Suppress. *See United States v. Cranson*, 453 F.2d 123, 127 n.6 (4th Cir. 1971) ("The defendant has remedies to secure pre-trial information on identification procedures

---

[1] Because the hearings on these suppression motions are pending, the defense requests that the Court set an expedited briefing schedule for this discovery issue.

undertaken by the Government in advance of trial as a basis for a motion to suppress."); *United States v. Wilford*, 961 F. Supp. 2d 740, 756 (D. Md. 2013), *on reconsideration in part* (Nov. 27, 2013) (holding that "information material to the Motion to Suppress, although sought in connection with a pretrial proceeding, might alter the 'quantum of proof'" at trial and is therefore discoverable under Rule 16). The discovery is also relevant to assessing other potential pretrial issues that the lack of discovery has thus far prevented the defense from being able to adequately evaluate. Indeed, one of the FBI's lead investigators on the Playpen case has stated in a declaration that "[d]etermining whether the government exceeded the scope of the [NIT] warrant thus requires an analysis of the NIT instructions delivered to [the defendant's] computer." Decl. of FBI Special Agent Daniel Alfin in Support of Gov't. Mot. for Reconsideration, at ¶ 7, in *United States v. Michaud*, Crim. No. 15-5351, ECF No. 166-2 (W.D. Wash. Mar. 28, 2016).

The NIT source code is also material preparing a defense at trial. For example, the defense needs access to the code to see how the government was purportedly able to link the information it collected to a particular computer or to a particular deployment of the NIT. The defense needs the NIT code to verify the government's allegations that it deployed the NIT based on some specific action taken by Mr. Darby. And the defense needs to investigate the chain of custody for data collected remotely by the NIT. The need for the full NIT source code is discussed—albeit in more technical terms—in the attached declaration of Vlad Tsyrklevich, which was filed in support of a similar motion to compel discovery in *Michaud*. *See* Ex. A, Tsyrklevich Decl. from *Michaud*. To date, the government has provided no actual evidence on these issues. Essentially, the defense is willing to provide the conclusions that it believes can be

drawn from its technological evidence. But the defense has thus far been denied access to the evidence upon which the government's proposed conclusions are based.

Due process demands that Mr. Darby be afforded the opportunity to verify that the government's evidence actually supports its allegations. The government's monopoly on the forensic evidence will allow its expert to testify at trial about what the NIT did, how it collected information, and how it allowed the government to verify what the user of Mr. Darby's computer was doing and when. By invoking the law enforcement privilege, the government seeks to deny Mr. Darby access to the underlying data upon which the government's key expert testimony against him will rest.

The Court should note that, in connection with other NIT/Playpen cases, courts have ordered the government to make this very NIT programming code available to the defense for inspection and forensic analysis. *See* Order Granting Third Motion to Compel Discovery in *Michaud*, Crim. No. 15-5351, ECF No. 161 (W.D. Wash. Feb. 17, 2016) (ordering government to provide NIT source code in Playpen case). In other cases involving NITs, the Department of Justice has not invoked a "law enforcement privilege," but rather has volunteered to make the programming code available for inspection by the defense. S*ee, e.g.,* Ex. B, at 2 (Department of Justice notice and disclosure letter in *United States v. Cottom*, Crim Nos. 8:13-108, 8:15-239 (D. Neb. Dec. 22, 2015), summarizing government's disclosures about NIT "Flash application" used in that case, including "example programming code," and extending an offer for defense inspection of the "compiled code for the NIT" stored on government server). Even in other Playpen cases the government has agreed to provide some components of the NIT source code. The government's refusal to disclose the code in this case is therefore inconsistent both with its prior practice and with court orders rejecting the very privilege claim put forward here.

The defense is willing to enter into a protective order to address any legitimate confidentiality concerns the government may have about disclosing the code. That said, assuming that the government is consistent in it's refusal not produce the code, (as it has done in the aforementioned cases) asserting that it is "subject to law enforcement privilege." To the extent the government needs to protect the confidentiality of the NIT code, confidentiality can be achieved through the entry of a protective order.

Rule 16 and fundamental notions of due process preclude the government from refusing to allow the defense to inspect the key forensic evidence at issue in this case. Yet that is the government's position. By invoking a law enforcement privilege, the government asks Mr. Darby and the Court to accept without verification the government's representations about what the NIT is and how it works—questions critical to the defense's pending motions and to trial. Here, the government used a sophisticated surveillance tool and then put Mr. Darby's liberty at stake by initiating a prosecution based on information it gained through that surveillance. It cannot now, in fairness, claim that the means by which it obtained the evidence it plans to use against Mr. Darby is subject to a privilege that trumps Mr. Darby's right to due process.

***

For the reasons stated above, Mr. Darby respectfully requests that the Court issue an Order for disclosure of the records and information sought by the defense, subject to such conditions or protections that the Court deems appropriate to address any legitimate confidentiality interests on the part of the Government.

Respectfully submitted,

GERALD A. DARBY

By:_____/s/_____

Rodolfo Cejas, II
VSB # 27996
Assistant Federal Public Defender
Attorney for Gerald A. Darby
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0800
(757) 457-0880 (telefax)
rodolfo_cejas@fd.org

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of June, 2016, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

        Elizabeth Yusi, Esquire
        United States Attorney's Office
        101 West Main, Suite 8000
        Norfolk, Virginia 23510
        (757) 441-6331
        Email: elizabeth.yusi@usdoj.gov


        By:_____/s/_____
        Rodolfo Cejas, II
        VSB # 27996
        Assistant Federal Public Defender
        Attorney for Gerald A. Darby
        Office of the Federal Public Defender
        150 Boush Street, Suite 403
        Norfolk, Virginia 23510
        (757) 457-0800
        (757) 457-0880 (telefax)
        rodolfo_cejas@fd.org