IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16CR36 |
| | ) | |
| GERALD ANDREW DARBY, | ) | |
| | ) | |
| Defendant. | ) | |

## STATEMENT OF FACTS

Subject to the appeal of defendant's First and Second Motions to Suppress and Motion to Compel, the parties stipulate that the allegations in Count One of the criminal Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt.

1. From in or about August 2014 through in or about March 2015, a hidden site dedicated to the sharing of images of minors engaging in sexually explicit conduct (SEC) operated on an anonymous network accessible through the Internet. During the period in which it operated, the site (hereinafter "Website A") grew to be the largest known hidden site dedicated to the sharing of images of minors engaging in SEC operating on the anonymous network worldwide.

2. Website A's content was accessible only to individuals who knew of the site and its location and who created membership accounts. Website A's registration process included content about the information required to create an account, including an instruction not to use a legitimate email address or to disclose any identifying information, as well as other recommendations on how to hide a user's identity.

3. Website A's content was categorized in sections, forums, and sub-forums. Within these were various "topics" authored by site members to which other members could reply.



When accessed, the topic's original post appeared at the top of the page, with any corresponding replies included below it in a "thread" form.   These topics included text, images, thumbnail previews of images, compressed files, and links to external websites.   Certain topics contained information about how to use the site.   However, the majority contained discussions about and numerous images that appeared to depict images of minors engaging in SEC and child erotica involving children of various ages, including prepubescent girls, boys, and toddlers.   The sections, forums, and sub-forums containing these threads were organized by gender, age, and type of sexual activity.

4.      The Federal Bureau of Investigation ("FBI") is an agency within the Department of Justice of the United States and has jurisdiction to investigate crimes involving the sexual exploitation of children.

5.      In early 2015, the FBI determined the location at which Website A was hosted.

6.      On February 20, 2015, FBI agents sought and obtained lawful court authorizations from the United States District Court for the Eastern District of Virginia, Alexandria Division, to (1) monitor the communications of Website A's members and (2) deploy a law enforcement technique on the site to identify registered members through their actual IP addresses and other information associated with the computers they used to access Website A.

7.      On or about February 22, 2015, the law enforcement technique was lawfully deployed pursuant to such authorization against Website A member "NeoUmbrella."   Among the information obtained through the deployment of this technique were the member's true IP address, the host computer name, "GLADOS," and the logon name, "Kasalari."   The IP address associated with the "NeoUmbrella" account returned to a location in Suffolk, Virginia.   That IP address belonged to GERALD ANDREW DARBY (hereinafter "DARBY"), the defendant herein.



8.     According to data obtained from Website A's logs, the "NeoUmbrella" membership was created on December 25, 2014. Between December 25, 2014 and March 2, 2015, "NeoUmbrella" was actively logged in to Website A for a total of 3 hours and 47 minutes. "NeoUmbrella" accessed topics that included links and preview images of material depicting images of minors engaging in SEC. "NeoUmbrella" did not create or respond to any topics, did not engage in private messaging with other members, and did not upload any content, including any images or videos, to Website A.

9.     During the period in which "NeoUmbrella" accessed Website A, DARBY resided at his residence located in Suffolk, Virginia.

10.     On January 4, 2016, FBI Special Agent Stacey Sullivan obtained a federal search warrant for DARBY's residence.

11.     On January 7, 2016, agents and Task Force Agents ("TFAs") with the FBI, along with other law enforcement agents, conducted a search of DARBY's residence pursuant to the lawfully obtained search warrant and seized several computers and other electronic media storage items.

12.     During the January 7, 2016 search, law enforcement agents spoke with DARBY at his residence. DARBY was advised that a federal search warrant was being executed at his residence. DARBY was further advised that he was not under arrest, that he did not have to talk to the interviewing agents, and that he was free to leave the residence at any time during the execution of the search warrant. Following these advisements, DARBY agreed to speak with the agents.

13.     DARBY told the interviewing agents, in sum and substance, that he had been accessing images of minors engaging in SEC on the Dark Net approximately twice a month and he

3



had been collecting these images for the past three to four years. He downloaded images of minors engaging in SEC to his computers and to his external hard drive. He stated he never distributed these images or commented on them online.

14.     On or about February 2, 2016, a Department of Justice Forensic Examiner completed a forensic analysis on the electronic media seized from the defendant's residence, including an Asus Laptop which contained a Samsung hard drive therein, a second ASUS laptop computer with both a Samsung and HGST hard drive contained therein, and a Seagate USB external hard disk drive. Located on these electronic media were approximately 1,608 images and 298 videos of images of minors engaging in SEC, as defined in 18 U.S.C. §§ 2256(2)(A)-(B). These images and videos contained depictions of minors being sadistically and masochistically abused.

15.     The defendant's computers and external hard drive were manufactured outside the Commonwealth of Virginia.

16.     The defendant's computers, throughout the time periods as delineated in the Indictment, had access to the Internet, which is an interconnected network of computers with which one communicates when online, and that this network crosses state and national borders.

17.     The defendant admits and the evidence substantiates that on or about October 27, 2014, in Suffolk, in the Eastern District of Virginia, and elsewhere, he did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been shipped and transported in and affecting interstate and foreign commerce, and which contained materials which had been so shipped and transported, by any means including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit



conduct, and such visual depiction was of such conduct, that is: GERALD ANDREW DARBY received a visual depiction bearing the file name "[Jane Doe]+9yr+00016.jpg.jpg".

18.    This image depicts a prepubescent, nude girl lying on her back on a bed with her legs spread apart.   The girl's fingers are spreading apart her vagina.   Her vagina and anus are the focus of the image.

19.    The defendant admits that this image had been mailed and shipped and transported in interstate and foreign commerce by any means, including by a computer.

20.    The events described herein occurred in the Eastern District of Virginia.

21.    The defendant stipulates and agrees that his participation in the events described was undertaken knowingly, intentionally, and unlawfully and not as a result of an accident, mistake, or other innocent reason.

Respectfully submitted,

DANA J. BOENTE
United States Attorney

By:    _____
Elizabeth M. Yusi
Assistant United States Attorney



After consulting with my attorney and pursuant to the plea agreement entered into this day between GERALD ANDREW DARBY and the United States, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
GERALD ANDREW DARBY
Defendant

_____9-8-16_____
Date


I am GERALD ANDREW DARBY's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Rodolfo Cejas, Esq.
Counsel for the Defendant

_____9-8-16_____
Date

