UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

v.                                                            CRIMINAL NO. 2:16cr36

GERALD ANDREW DARBY,

      Defendant.

## REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY

The Defendant, by consent, has appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and referral from a United States District Judge and has expressed his intent to enter a conditional plea of guilty to Count One of the Indictment. After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, the undersigned determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact establishing each of the essential elements of such offense. However, because the parties also agreed on the terms of an appeal waiver underlying the conditional plea, the undersigned prepares this recommendation and defers to the district judge the determination of whether the conditional plea of guilty should be accepted.

Under Federal Rule of Criminal Procedure 11(a)(2), "With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . . reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion.

1

A defendant who prevails on appeal may then withdraw the plea." Fed. R. Crim. P. 11(a)(2). In this case, Darby's written plea agreement states that his plea is expressly conditioned on the right to appeal the court's pretrial ruling denying two motions to suppress (ECF No. 31) and a motion to compel (ECF No. 49).

During the Rule 11 colloquy, the court inquired of Darby's counsel to confirm that only the right to appeal the suppression motions and the motion to compel was reserved. The court also examined Darby regarding his understanding of the limited appeal rights preserved by the proposed conditional plea. The appeal waiver language in the plea agreement expressly waives Darby's right to appeal on "any ground whatsoever." It excludes only the right to have an appellate court review the specifically enumerated suppression motions and motion to compel.

It appears that both Darby and the United States have agreed on the terms of the appeal waiver, and that the United States has consented to the conditional nature of Darby's plea. It also appears from the Rule 11 colloquy conducted by the undersigned that Darby understands the conditional nature of his plea and the other terms of his appellate waiver. Finally, it appears that Darby's decision to enter the conditional plea was knowing and voluntary, and that his plea of guilty is fully supported by an independent basis in fact. Accordingly, if the court consents to the conditional plea as required by Rule 11(a)(2), the undersigned recommends that the plea agreement and the plea of guilty be accepted, and that the Defendant be adjudged guilty and have sentence imposed accordingly.

Either party may object to the foregoing by filing written objections to this Report and Recommendation within fourteen (14) days from the date of its service. Failure to do so bars an aggrieved party from attacking such Report and Recommendation before the assigned United

States District Judge. 28 U.S.C. § 636(b)(1)(B).

The Clerk is directed to deliver a copy of this Report and Recommendation to counsel for the United States and to counsel for the Defendant.

/s/
Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 8, 2016