**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

UNITED STATES OF AMERICA

      v.                                       Criminal No. 2:16cr36

GERALD ANDREW DARBY ,

      Defendant

**DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS**

COMES NOW the defendant, GERALD ANDREW DARBY, by counsel, pursuant to Section 6A1.2 of the *Sentencing Guidelines and Policy Statements* and the Court's Sentencing Procedures Order, and states his position with respect to sentencing factors. There are no objections to the report that effect the advisory guideline calculation.

Mr. Darby is before this Court for sentencing after entering a plea of guilty on September 8, 2016, pursuant to the terms of a written plea agreement, to Count One of the indictment–receipt of child pornography, in violation of Title 18, United States Code, section 2252(a)(2). Sentencing is set for December 15, 2016.

The PSR calculates Mr. Darby's advisory guideline range at 97-121months. Mr. Darby respectfully asks this Honorable Court to impose a sentence of not more than 60 months, as such sentence would comply with the statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. See 18 U.S.C. § 3553(a).

**The Appropriate Sentence in this Case**

The Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). Since *Booker*, the Supreme Court has consistently and significantly broadened the range of choices in sentencing dictated by the facts of the case. *See Gall v. United States*, 128 S. Ct. 586, 602 (2007) (finding a sentence outside the Guidelines to be reasonable); *see also Kimbrough*

*v. United States*, 128 S. Ct. 570 (2007) (noting that courts may vary from Guidelines ranges based solely on policy consideration, including disagreements with the Guidelines); *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) (holding that a district court may consider arguments that "the Guidelines sentence itself fails properly to reflect § 3553(a) considerations"); and *Cunningham v. California*, 127 S. Ct. 856, 867 (2007) (stating that judges are no longer bound by the Guidelines, but are required to consider them along with the sentencing goals in 18 U.S.C. § 3553(a)). These cases–*Booker, Gall, Kimbrough, Rita*, and *Cunningham*–"mean that the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S. Ct. at 577 (Scalia, J., concurring).

The district court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. At 597. If the court decides that an outside-Guidelines sentence is warranted, the court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. *Id.* The Supreme Court has rejected, however, the notion that "'extraordinary' circumstances [are required] to justify a sentence outside the Guidelines range" and rejected "the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence. *Id.* at 595.

While sentencing courts must continue to consider the sentencing guidelines, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). Those factors include (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the advisory Guideline range; (d) the need to avoid unwarranted sentencing disparities; (e) the need for restitution; and (f) the need for the sentence to reflect the following: the

seriousness of the offense, promotion of respect for the law and just punishment for the offense, provision of adequate deterrence, protection of the public from future crimes and providing the defendant with needed educational or vocational training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a); *see also Kimbrough*, 128 S. Ct. at 570. The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in Section 3553(a)–it sets an independent limit upon the sentence.

Mr. Darby is subject to the a statutory minimum prison sentence of 60 months. As stated above, the advisory guideline range is 97-121months. A sentence of 60 months would be an appropriate sentence in this case because of the additional reasons and factors set forth below:

### INTRODUCTION: A DEEPLY FLAWED SENTENCING GUIDELINE

The current sentencing regime includes, of course, consideration of the advisory guideline. But this guideline is deeply flawed. In fact, the United States Sentencing Commission has concluded, *inter alia*:

> The Commission believes that the current non-production guideline warrants revision in view of its outdated and disproportionate enhancements related to offenders' collecting behavior…. The current guideline produces overly severe sentencing ranges for some offenders.

*See* U.S. Sent'g Comm'n, *Report to the Congress: Federal Child Pornography Offenses* (2012). (hereinafter *"Report"*).

At the time of the offense, Mr. Darby was 30 years of age. Not an adolescent, but still very young. The comments of U.S. District Judge Jack B. Weinstein are still apt:

> This case illustrates some of the troubling problems in sentencing adolescents who download child pornography on a file-sharing computer service. Posed is the question: To protect the public and the abused children who are shown in a sexually explicit manner in computer images, do we need to destroy defendants like C.R.?

U.S. v. C.R, 792 F. Supp 2d 343, 347 (2013).

## THE SENTENCE REQUESTED

Mr. Darby is asking that the court sentence him to the statutory minimum sentence of 60months. While this would represent a variance from the advisory range, it would be consistent with variances in other similar cases and with the emerging judicial recognition of the irrationality of the child pornography sentencing guideline. The guideline has fallen so out of favor that, indeed, only by varying or departing substantially downward can the Court avoid unwarranted sentencing disparity.

Mr. Darby has never been accused of, and has never engaged in, any inappropriate behavior with young people. He will be supervised, placed upon the sex offender registry, and prevented from working in many fields of endeavor. His life will be changed forever. More punishment is destructive, wasteful, and simply unnecessary. Given his history and characteristics and the facts and circumstances of the offense, a sentence not greater than 60 months is sufficient to carry out the purposes of sentencing.

Mr. Darby is planning for his future and has been provided source material on vocational programs available within the Bureau of Prisons. He hopes to put his period of incarceration to good use. In view of these considerations, he asks that the Court recommend to the Bureau of Prisons that he participate in a vocational programs. He is interested in doing anything to establish a career despite the limitations that he will face as a convicted felon and sex offender.

## AVOIDANCE OF SENTENCING DISPARITIES: POSSESSION CASES IN THE EASTERN DISTRICT OF VIRGINIA

This Court must consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §

4

3553(a)(6). Because of its structural flaws highlighted above and detailed later in this paper, the Judges of this Court have concluded that the child pornography guideline produces excessive sentencing ranges and have been sentencing below the advisory ranges in appropriate cases. The disagreement with the guideline has been expressed by below guideline sentences in both receipt, distribution, and possession cases, with the extent of variance/departures greatest in possession cases. In *U.S. v. Noe*, 2:11cr7, the defendant was 26 years old, had a distinguished navy career, was married and in therapy. He pled guilty to possession of child pornography, and faced no mandatory minimum and a guideline range of 97-121 months. The Court sentenced him to 48 months, a sentence 49 months below the advisory range. In *U.S. v. Halprin*, 2:11cr 92, the defendant was 25 years of age, a hard working Navy enlistee, and engaged to be married. He pled guilty to possession of child pornography, and faced no mandatory minimum and a guideline range of 97-121 months. The Court sentenced him to 51 months, a sentence 47 months below the advisory range. In *U.S. v. Schnui*t, 2:14cr105, the defendant was 28 years old, a Navy enlistee with exceptional references, and married with children. It appears that his guideline range was 97-121 months, based upon public court filings. He pled guilty to possession of child pornography. He received a sentence of 36 months. In *U.S. v. Adams*, 2:15cr112, the defendant was 44 years of age, married, and had a lengthy and productive work record. He pled guilty to possession of child pornography and received a sentence of 40 months. And in *U.S. v. Whitlock*, 2:15cr63, the defendant was convicted of possession of child pornography and received a sentence of 24 months. Mr. Whitlock was 38 years old, a decorated veteran with numerous war-time deployments, married with children. His guideline range was 37-46 months. And in U.S. v. Snead, 2:15cr140, the defendant was a 23 year old college student with no prior record and solid family support. His guideline range was 97-120 months. He was sentenced to 40 months. (See also, *U.S. Coffey*, 2:16cr54, guideline range 135-168 months,

sentence- 48 months).

## THE SENTENCING COMMISSION'S REPORT TO CONGRESS

In previous filings, counsel has undertaken to "deconstruct" the child pornography guideline in an effort to demonstrate its irrationality. This effort to take apart the guideline is no longer necessary, as the Sentencing Commission has done it for us. In February 2013, the Sentencing Commission released a report to Congress on the child pornography guidelines for non-production offenders. See U.S. Sent'g Comm'n, Report to the Congress: Federal Child Pornography Offenses (2012). The Commission explained that it compiled the report in large part due to the increasing rate of below-guideline sentences for offenders sentenced under USSG § 2G2.2, pursuant to its statutory duty to "consider whether the guidelines are in need of revision in light of feedback from judges as reflected in their sentencing decisions," id. at ii, and because "as a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their degrees of culpability." Id. at ii, 323.

The Commission noted that since the guidelines became advisory in 2005 "there has been a steadily decreasing rate of sentences imposed within the applicable guideline ranges in nonproduction cases. That rate decreased from 83.2 percent in fiscal year 2004… to 32.7 percent in fiscal year 2011…. These sentencing data indicate that a growing number of courts believe that the current sentencing scheme in non-production offenses is overly severe for some offenders. Id. at page ii. This seems to reflect a general agreement among sentencing judges that the child pornography guidelines are too harsh. Indeed, a 2010 survey of federal district court judges conducted by the Sentencing Commission revealed that 70% of judges see the child pornography guidelines as inappropriately "too high" in possession offenses. U.S. Sent'g Comm'n, Results of

6

Survey of United States District Judges Jan. 2010 Through Mar. 2010, Question 8:

Appropriateness of Guideline Ranges (2010), available at

http://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-projects-andsurve

ys/surveys/20100608_Judge_Survey.pdf(last accessed Mar. 7, 2016).

The Commission explained that because the enhancements for computer use and type and volume of images "now apply to most offenders," the guideline "fail[s] to differentiate among offenders in terms of their culpability." Report at iii, xi; id. at 209, 323. It explained that "technological changes have resulted in exponential increases in the volume and ready accessibility of child pornography, including many graphic sexual images involving very young victims, a genre of child pornography that previously was not widely circulated." Id. at 6. Because "sentencing enhancements that originally were intended to provide additional proportional punishment for aggravating conduct now routinely apply to the vast majority of offenders," id. at xi, the "current guideline does not adequately distinguish among offenders regarding their culpability for their collecting behaviors," id. at 323. "As a result, the cumulative enhancements addressing the content and volume of images possessed, "in addition to base offense levels of 18 or 22, result[] in guideline ranges that are overly severe for some offenders in view of the nature of their collecting behavior." Id.

The Commission illustrated the problem:

> Non-production child pornography offenses have become almost exclusively Internet enabled crimes; the typical offender today uses modern Internet-based technologies such as peer-to-peer ("P2P") file-sharing programsthat were just emerging only a decade ago and that now facilitate large collections of child pornography. The typical offender's collection not only has grown in volume but also contains a wide variety of graphic sexual images (including images of very young victims), which are now readily available on the Internet. As a result, four of the of six sentencing enhancements in §2G2.2 — those relating to computer usage and the type and volume of images possessed by offenders, which together account

7

>for 13 offense levels — now apply to most offenders and, thus, fail to differentiate among offenders in terms of their culpability. These enhancements originally were promulgated in an earlier technological era, when such factors better served to distinguish among offenders. Indeed, most of the enhancements in §2G2.2, in their current or antecedent versions, were promulgated when the typical offender obtained

The Commission's lengthy report constitutes a scathing critique of the guideline by an organization that should know, the very group that authored it. It is simply irrational and unworthy of serious consideration. Mr. Darby has no prior criminal history, resulting in a criminal history category of I. His criminal history category coupled with his total offense level of 30 results in an advisory guideline range of 97-121 months imprisonment. But without the application of the enhancements which the Commission has announced warrant review, Mr. Darby's total offense level would be 17 and his guideline range would be 24-30 months.

In *United States v. Strayer*, ___ F.Supp.2d ___, 2010 WL 2560466 (D.Neb. 2010), the court determined that the mandatory minimum sentence of five years was appropriate to achieve the goals of sentencing where defendant's guideline range of 210 to 240 months was based on numerous and excessive enhancements for circumstances that appear in nearly every child pornography case such as use of the Internet, amassing numerous images, possessing images of prepubescent minors and violence, and some "distributing" of images in return for other images. 2010 WL 2560466, slip. op. at 13. In *United States v. Beiermann*, 599 F.Supp.2d 1087 (N.D. Iowa 2009), the court granted a downward variance and sentenced defendant to 90 months imprisonment followed by 10 years supervised release, where the advisory guideline sentencing range was 210 to 262 months. The court noted that the guideline sentencing scheme for child pornography crimes "blurs logical differences between least and worst offenders, contrary to the goal of producing a sentence no greater than necessary to provide just punishment. 599 F.Supp.2d at 1105. Mr. Darby's guideline range is much lower than the ranges in *Strayer* and *Beiermann*, but like those cases, Mr. Darby's

8

guideline range is the result of numerous enhancements for circumstances, that appear in nearly every child pornography case, being applied that caused a rise in Mr. Darby's offense level from 17 to 30.

Mr. Darby never possessed child pornography in order to entice a child, never produced any of the images, never had any improper conduct with an actual child, and never molested any child. Therefore, in this case, a sentence below the guideline range of 87-108 months and a term of supervised release with a condition to continue treatment, would avoid unwarranted sentence disparity, and would also serve the mandate of § 3553(a) to impose a sentence sufficient, but not greater than necessary to punish Mr. Darby's conduct.

**The Need for the Sentence to Reflect the Following: the Seriousness of the Offense, Promotion of Respect for the Law and Just Punishment for the Offense, Provision of Adequate Deterrence, Protection of the Public from Future Crimes and Providing the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment.**

Congress's concern in implementing child pornography legislation was with the use of computers to lure or entice children into sex acts. "Possession of child pornography was criminalized in part because of concerns that the Internet facilitated access to and enticement of minors for sexual exploitation, as well as concerns that pedophiles use the materials to desensitize and entice victims." *United States v. Sudyka*, 2008 U.S. Dist. LEXIS 42569 at *28-*29. This case does not involve such conduct and there is no indication that Mr. Darby is likely to engage in any such conduct in the future. Legislative history also shows concern about dangerous child abusers and repeat offenders. The enhancements of increasing severity for quantity and for recidivism are designed to apply to the most dangerous of child pornography offenders and Mr. Darby does not fall in that category. There is no evidence that Mr. Darby has ever abused, or is likely to abuse, children.

9

Mr. Darby's lack of criminal history and the indication that any risk of re-offending would not include actual contact with children suggests that a sentence substantially below the advisory guideline range is likely to afford adequate punishment and deterrence.

Mr. Darby poses virtually no risk of recidivism and, accordingly, needs no specific deterrence. Mr. Darby has no prior criminal record. He is not a dangerous or violent person. Mr. Darby poses an extremely low risk of recidivism. Publications available on the Sentencing Commission's website reveal that, even beyond criminal history category, criminal history points are an excellent indicator of the risk of recidivism. Specifically, "[a]ll offenders with zero criminal history points have a primary recidivism rate of 11.7 percent. The zero-point offender rate is substantially lower than the recidivism rates for offenders with only one criminal history point (22.6%), or for offenders with two or more points (36.5%) combined in Criminal History Category II through Criminal History Category VI." *Recidivism and the "First Offender,"* A Component of the Fifteen Year Report on the U.S. Sentencing Commission's Legislative Mandate (May 2004) at 13-14 (available at http://www.ussc.gov/publica/Recidivism_FirstOffender.pdf). Mr. Darby's zero criminal history points total places him in the category of offenders who have the lowest risk of recidivism.

**Collateral Consequences of Conviction**

Individuals who have been convicted and incarcerated face numerous penalties beyond those imposed in the courtroom. As they pertain to Mr. Darby, these collateral sanctions may include employment discrimination, occupational restrictions, exclusions from public housing, loss of welfare or food stamps, ineligibility for student loans, exposure to disease, disintegration of family ties, and financial loss. In consideration of the 3553(a) factors, this court should take these collateral

consequences into consideration as they serve as additional mitigating factors which support a sentence of 60 months imprisonment. In *United States v. Matteo*, 299 F. Supp.2d 201, (S.D. N.Y. 2004), the court noted the following:

> "*there is more to the concept of just punishment and deterrence of the particular individual than the temporal and physical hardships imposed by a sentence as measured by the length of time in prison pre-specified by a guidelines range. In fact, beyond the offender's actual deprivation of liberty when incarcerated, a host of other penalties and burdens always attend criminal conviction, to name a few: losses of family life, of socioeconomic status, of employment and career opportunities; diminution of certain civil rights and entitlements; and countless humiliations and indignities commonly associated with living in confinement.*" *Id.* at 209-210.

While the notion of the collateral consequences of conviction have served as grounds for downward departures, it is equally important when considering the need to reflect the seriousness of the offense/promote respect for the law, provide just punishment, and to afford adequate deterrence to criminal conduct. A federal felony conviction for someone like Mr. Darby, who does not have a lengthy criminal pass, will have a tremendous impact on his for life, and clearly reflects the seriousness of the offense and promotes respect for the law. The ramifications of a federal felony conviction for him, provides just punishment and adequate deterrence.

Mr. Darby has accepted full responsibility for his actions. He realizes the impact that this has had on his life and his family. He is fully aware of the consequences of violating the law. He is an individual who has never spent time in an incarceration environment before. He does not need a substantial period of confinement to learn her lesson. "Generally, a lesser period of imprisonment is required to deter a defendant who was not previously subject to lengthy incarceration, than is necessary to deter a defendant who has already served serious time yet continues to re-offend." *United States v. Qualls*, 373 F.Supp.2d 873, 877 (E.D. Wis. 2005).

These factors cumulatively and appropriately, reflect the seriousness of the offense, promote

respect for the law and provide just punishment for the offense.

Mr. Darby respectfully requests that this court give consideration to the foregoing factors and find that a sentence anywhere within the advisory guideline range of 97-121 months would be overly harsh.

## CONCLUSION

The advisory Guidelines range exceeds a sentence sufficient, but not greater than necessary, to comply with 18 U.S.C. § 3553(a). Accordingly, Mr. Darby respectfully requests that this Court impose a sentence of not more than 60 months.

                                                  Respectfully submitted,

                                                  GERALD ANDREW DARBY

By:                 /s/
                                                Rodolfo Cejas, II
                                                VSB No.: 27996
                                                Attorney for Gerald Andrew Darby
                                                Office of the Federal Public Defender
                                                150 Boush Street, Suite 403
                                                Norfolk, Virginia 23510
                                                (757) 457-0885 (telephone)
                                                (757) 457-0880 (telefax)
                                                Rodolfo_cejas@fd.org

## CERTIFICATE OF SERVICE

      I certify that on this 8th day of December, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

      Elizabeth Yusi
      Assistant United States Attorney
      U. S. Attorney's Office
      101 W Main St, Suite 8000
      Norfolk, VA 23510
      Phone:757-441-6331
      Email: elizabeth.yusi@usdoj.gov

I certify that I have served the following document to the non-filing user by e-mail:

      Tara Gill
      U.S. Probation Officer
      600 Granby Street, Suite 200
      Norfolk, Virginia 23510

By:     /s/
    Rodolfo Cejas, II
    VSB No.: 27996
    Attorney for Gerald Andrew Darby
    Office of the Federal Public Defender
    150 Boush Street, Suite 403
    Norfolk, Virginia 23510
    (757) 457-0885 (telephone)
    (757) 457-0880 (telefax)
    Rodolfo_cejas@fd.org