IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

UNITED STATES OF AMERICA

v.

GERALD ANDREW DARBY,

Defendant.

CRIMINAL NO. 2:16CR36-1

## OPINION

On December 15, 2016, this Court sentenced Gerald Andrew Darby ("Defendant") to a term of imprisonment of 60 months. This judgment represents a downward variance from the United States Sentencing Guidelines. This opinion elaborates on the Court's reasons for this variance and is to be filed simultaneously with the sentencing judgment order.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 10, 2016, Defendant was named in an eight-count Indictment. ECF No. 1. Counts One through Five charged Defendant with Receipt of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and 2256(1) and (2). Counts Six through Eight charged Defendant with Possession of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(4)(B) and 2256(1) and (2). Id. On September 8, 2016, Defendant appeared before Magistrate Judge Douglas Miller and entered a conditional plea of guilty, pursuant to Fed. R. Crim. P. 11(a)(2), to Count One based on a written plea agreement with the Government. ECF Nos. 52, 53, 54. The plea agreement is subject to appeal of Defendant's First and Second Motions to Suppress, ECF Nos. 15, 18, and Motion to Compel, ECF No. 30, all of which this Court previously denied, ECF Nos. 31, 49.

1

The Presentence Report ("PSR") prepared by the Probation Office determined that Defendant's total offense level was 30. ECF No. 60, at 14–15. This offense level incorporates four enhancements that substantially raised the offense level above the base offense level of 22. Defendant received enhancements for: (1) material involving a prepubescent minor, +2 (pursuant to U.S.S.G. § 2G2.2(b)(2)); (2) material that portrays sadistic or masochistic conduct or other depictions of violence, +4 (pursuant to U.S.S.G. § 2G2.2(b)(4)); (3) the use of a computer, +2 (pursuant to U.S.S.G. § 2G2.2(b)(6)); and (4) having more than 600 images, +5 (pursuant to U.S.S.G. § 2G2.2(b)(7)(D)). Id. at 14. For purposes of Guidelines calculations, each video in the possession of Defendant is counted as 75 images. U.S.S.G. § 2G2.2, Application Note 4(B)(ii). The PSR determined that Defendant had 23,958 images in his possession. Id. at 14.

Because Defendant had a criminal history score of zero, his criminal history category was determined to be I. Id. With a total offense level of 30 and a criminal history category of I, the Guidelines recommended a sentence of 97 to 121 months. Id. at 15. A sentencing hearing was held on December 15, 2016. ECF No. 65.

## II. DISCUSSION

To determine an appropriate sentence, this Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." Nelson v. United States, 555 U.S. 350, 351 (2009).

### A. THE SENTENCING GUIDELINES

The Sentencing Guidelines covering the non-production of child pornography seem to solely be concerned with the seriousness of the offense and the need for deterrence. However, this appears to be at the expense of differentiating between prototypical non-production child pornography offenses and more egregious offenses involving the production of child

2

pornography. Section 2G2.2 of the Guidelines requires this Court to significantly increase Defendant's base offense level of 18 because of several enhancements—many tied to the technology used in the offense—that now apply in the vast majority of cases of possession, receipt, or distribution of child pornography. This is especially so now that "non-production child pornography offenses have become almost exclusively Internet-enabled crimes."[1] U.S. SENTENCING COMMISSION, REPORT TO THE CONGRESS: FEDERAL CHILD PORNOGRAPHY OFFENSES: EXECUTIVE SUMMARY ii (2012) ("2012 REPORT TO CONGRESS"). According to another study carried out by the Sentencing Commission using data from 2011, 97 percent of non-production child pornography cases involved a computer; 95 percent involved a victim under 12 years; 79 percent involved violent images; and 70 percent involved at least 600 images. See UNITED STATES SENTENCING COMMISSION, USE OF GUIDELINES AND SPECIFIC OFFENSE CHARACTERISTICS, FISCAL YEAR 2011 41–42 (2011).[2] See also 2012 REPORT TO CONGRESS, at xi (citing similar numbers for the fiscal year 2010: 96.2 percent for use of a computer; 96.1 percent for a victim under 12; 74.2 percent for sado-masochistic images; and 96.9 percent for the calculation of image quantity). Defendant received all of these enhancements. Yet, because these enhancements apply in the vast majority of cases, these enhancements, however justifiable in the abstract, do little to differentiate Defendant's conduct from other non-production cases.[3]

B. THE 18 U.S.C. § 3553(A) FACTORS

18 U.S.C. § 3553(a) requires this Court to consider factors in addition to the need for deterrence in order to arrive at a sentence "sufficient, but not greater than necessary" to comply

---

[1] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Executive_Summary.pdf.

[2] Available at http://www.ussc.gov/Data_and_Statistics/Federal_Sentencing_Statistics/Guideline_Applicati on_Frequencies/2011/Use_of_Guidelines_and_Specific_Offense_Characteristics.pdf.

[3] The Sentencing Commission has noted that "as a result of recent changes in the computer and Internet technologies that typical non-production offenders use, the existing sentencing scheme in non-production cases no longer adequately distinguishes among offenders based on their level of culpability." Executive Summary, 2012 REPORT TO CONGRESS, at ii.

with the purposes of §3553(a)(2). Section 3553(a) provides in the relevant subsections that

> The court, in determining the particular sentence to be imposed, shall consider--
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### 1. History and Characteristics of the Defendant

The Court must consider the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant is 31 years old, completed five years of college (though he did not graduate), and had been enlisted in the U.S. Navy, working with the Naval Nuclear Power Program, from 2011 until 2016. ECF No. 60, at 16–17. Defendant has struggled for years with significant mental health challenges, including Major Depressive Disorder. Id. at 18–24. At the sentencing hearing, Defendant's counsel noted that Defendant's parents had expressed support for him.

### 2. The Need to Avoid Unwarranted Sentencing Disparities

Section 3553(a)(6) requires this Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The extensive disparities in sentences given for non-production child pornography offenses under USSG §2G2.2 has been well-documented by the Sentencing Commission and others. See 2012 REPORT TO CONGRESS: CHAPTER 8: EXAMINATION OF

4

SENTENCING DISPARITIES IN §2G2.2 CASES, at 207;[4] Melissa Hamilton, Sentencing Adjudication: Lessons from Child Pornography Policy Nullification, 30 Geor. St. U. L. Rev. 375 (2013). In the 2010 fiscal year only 40 percent of non-production defendants received sentences within the guideline ranges. 2012 REPORT TO CONGRESS, at 213. In the 2012 fiscal year, 66 percent of sentences given were below the Guidelines range. Hamilton, at 386. The average sentence for non-production children pornography crimes in fiscal year 2011 was about 95 months. Id. at 447. The average for the Fourth Circuit was slightly higher, at 100.43 months. Id. at 449. Furthermore, in this District, in at least four similar cases in which defendants also faced a Sentencing Guidelines range of 97 to 121 months, defendants received sentences ranging from 40 to 51 months. ECF No. 62, at 4–6. (The Court notes that in this case, pursuant to 18 U.S.C. 2252(b)(1), the mandatory minimum term of imprisonment is 60 months.)

### C. ANALYSIS

After consideration of the Guidelines recommendation and the 18 U.S.C. §3553(a) factors, the Court determined that a downward variance from the Guidelines was warranted.

Defendant's offense was undoubtedly serious, and the need to deter similar conduct is great. The images and videos in Defendant's possession depict the most reprehensible abuse of children. Furthermore, Defendant was attributed with 23,958 images. ECF No. 60, at 14. With his possession of such material, Defendant supports the market for those who create this material.

Nonetheless, although Defendant's conduct was reprehensible, the Court determined that a sentence below the Guidelines range would be sufficient but not greater than necessary to comply with the need for a sentence as defined by 18 U.S.C. § 3553(a)(2). Defendant had

---

[4] Available at http://www.ussc.gov/sites/default/files/pdf/news/congressional-testimony-and-reports/sex-offense-topics/201212-federal-child-pornography-offenses/Chapter_08.pdf

maintained steady employment with the U.S. Navy for the past five years, had completed five years of college, and had no previous criminal history to speak of. ECF No. 60, at 15–17. He has expressed a desire to participate in vocational programs while serving his term of imprisonment. ECF No. 62, at 4. The Court also took into consideration Defendant's relative youth, as well as his struggles with depression. ECF No. 60, at 18–24. Finally, Defendant has also accepted responsibility and expressed remorse for his actions. Id. at 14–15.

Furthermore, Defendant is not a child molester; there is nothing to distinguish his case from other non-production cases in which other district courts have downward departed. The average sentence for conduct similar to Defendant's, in this District, Circuit, and throughout the United States, is far below the bottom of the Guidelines-recommended sentence; a sentence within the Guidelines would create a sentencing disparity.

Defendant's characteristics, as well as the need to avoid unwarranted sentencing disparities, demonstrate to the Court that a sentence of 60 months is sufficient but not greater than necessary to comply with the 18 U.S.C. § 3553(a)(2) factors, including providing adequate deterrence, just punishment, and an opportunity for correctional treatment to the Defendant. For these reasons, the Court imposed a sentence of 60 months.

The Clerk is **DIRECTED** to forward a copy of this Opinion to all Counsel of Record.

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 16, 2016