```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA
 2                       Norfolk Division

 3

 4   - - - - - - - - - - - - - - - - - -
                                        )
 5     UNITED STATES OF AMERICA,        )
                                        )
 6                                      )    CRIMINAL ACTION NO.
       v.                               )    2:16cr36
 7                                      )
       GERALD ANDREW DARBY,             )
 8                                      )
             Defendant.                 )
 9   - - - - - - - - - - - - - - - - - -

10

11

12                  TRANSCRIPT OF PROCEEDINGS

13                     Norfolk, Virginia

14                     September 8, 2016

15

16   BEFORE:  THE HONORABLE DOUGLAS E. MILLER
             United States Magistrate Judge

17

18   APPEARANCES:

19

20           UNITED STATES ATTORNEY'S OFFICE
             By:  Elizabeth Yusi
21                Leslie W. Fisher
                  Assistant United States Attorney
22                Counsel for the United States

23           FEDERAL PUBLIC DEFENDER'S OFFICE
             By:  Rodolfo Cejas
24                Assistant Federal Public Defender
                  Counsel for the Defendant

25
```

JODY A. STEWART, Official Court Reporter

```
 1            (Hearing commenced at 12:29 p.m.)

 2            THE CLERK:  United States of America versus Gerald

 3  Andrew Darby, 2:16cr36.

 4            Is the Government ready?

 5            MS. YUSI:  The Government is ready.  Good morning,

 6  Your Honor.

 7            THE COURT:  Good afternoon, Ms. Yusi.  How are you?

 8            MS. YUSI:  Good afternoon, sorry.  Judge Miller, I

 9  want to introduce Leslie Fisher.  She is with CS, the child

10  exploitation section at Main Justice, and she is also a SAUSA

11  that will be handling this hearing today.

12            THE COURT:  All right.  Nice to have you, Ms Fisher.

13            MS. FISHER:  Thank you, Your Honor.

14            THE CLERK:  Is the defendant ready, Mr. Cejas?

15            MR. CEJAS:  Yes.  Good afternoon, Your Honor.

16            THE COURT:  Good afternoon, Mr. Cejas.

17            MR. CEJAS:  Thank you for the Court's indulgence.

18            THE COURT:  I understand.  I had advanced warning

19  that we might get a late start.  It's not problem at all.

20            MR. CEJAS:  Thank you.

21            THE COURT:  I understand Mr. Darby's reached an

22  agreement to plead guilty to count one of the pending

23  indictment; is that right?

24            MR. CEJAS:  That's correct.

25            THE COURT:  Have you had time to review everything
```

1    with him?

2            MR. CEJAS:  I have, Your Honor.

3            THE COURT:  And he's ready to go forward?

4            MR. CEJAS:  Yes, sir, he is.

5            THE COURT:  If you and Mr. Darby could come to the

6    podium, then.

7            I've reviewed all of the documents that were

8    transmitted, including the plea agreement and the statement

9    of facts that's been proposed, and it does appear that this

10   is not a conditional plea?

11           MR. CEJAS:  Well, actually, it is.

12           MS. YUSI:  It is a conditional plea.

13           THE COURT:  It is a conditional plea?

14           MR. CEJAS:  Yes, sir.

15           THE COURT:  Where is it in the plea agreement?  I

16   must have overlooked it.

17           MS. YUSI:  Paragraph 6, Your Honor.

18           THE COURT:  Okay.  Let me look at this language

19   again.

20           Okay.  Which motions is he reserving?  There were

21   two motions to suppress and a motion to compel.  Are all

22   three of the motions reserved?

23           MR. CEJAS:  Yes, sir.

24           THE COURT:  Okay.  We might want to spell that out

25   specifically.  Well, that's fine.  We can do it on the

1    record.  I'll do it on the record.  Ms. Fisher.

2           MS. FISHER:  Your Honor, Paragraph 3 explains which

3    motions, both motions to suppress and the motion to compel

4    are preserved.

5           THE COURT:  Gotcha.  Okay.  All right.  And you all

6    are all on board with that, right, Ms. Fisher?

7           MS. FISHER:  Yes, Your Honor.

8           THE COURT:  All right.  Then let me ask Mr. Darby,

9    is your name Gerald Andrew Darby?

10          THE DEFENDANT:  Yes, it is, Your Honor.

11          THE COURT:  Mr. Darby, this case is assigned to

12   United States District Judge Robert Doumar.  Judge Doumar

13   asked me to conduct the proceedings today, and I'm a United

14   States Magistrate Judge.  You're entitled to insist that

15   Judge Doumar or another district judge conduct the

16   proceedings.  Because he's asked me to conduct them, I have

17   to obtain your written consent.  Do you understand this?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  And did you review and sign this consent

20   to proceed before a magistrate judge?

21          THE DEFENDANT:  Yes, I did, Your Honor.

22          THE COURT:  Did Mr. Cejas explain it to you before

23   you signed it?

24          THE DEFENDANT:  Yes, he did.

25          THE COURT:  Mr. Cejas, did you also join in the

1    consent?

2              MR. CEJAS:  Yes, sir.

3              THE COURT:  And, Ms. Yusi, this appears to be your

4    signature.  Did you consent to proceed before a magistrate

5    judge?

6              MS. YUSI:  I did, Your Honor.

7              THE COURT:  I will file the consent and go forward.

8              Mr. Darby, before accepting your plea the Court has

9    to inform you of your rights and make sure you understand

10   them and that you are guilty.  In order to do that, in a

11   moment I'm going to ask the clerk to place you under oath,

12   and I'll ask you a series of questions.  It's important that

13   you understand all of my questions.  So if you don't

14   understand any of them, please stop me and ask me to rephrase

15   the question.

16             Will you agree to do this?

17             THE DEFENDANT:  Yes, I will, Your Honor.

18             THE COURT:  You may confer with Mr. Cejas at any

19   time, and I'm sure he's already prepared you for my

20   questions, but your answers today must be your answers based

21   on your understanding of the question.  Do you understand

22   this?

23             THE DEFENDANT:  Yes, I do, Your Honor.

24             THE COURT:  Finally, if your answers later prove to

25   be false and material to the proceedings, those answers may

```
 1   be used against you in a prosecution for perjury.  Do you

 2   understand this?

 3             THE DEFENDANT:  Yes, I do, Your Honor.

 4             THE COURT:  Ms. Dodge, would you please swear Mr.

 5   Darby.

 6             (Defendant was sworn.)

 7   BY THE COURT:

 8   Q.  Is your correct name Gerald Andrew Darby?

 9   A.  Yes, it is.

10   Q.  And are you the person named in the indictment bearing

11   criminal number 2:16cr36?

12   A.  Yes, I am.

13   Q.  How old are you?

14   A.  I just turned 31, Your Honor.

15   Q.  And how far did you go in school?

16   A.  Attended high school and attended college for a few

17   years.

18   Q.  Have you ever been treated for any mental illness or for

19   addiction to narcotic drugs?

20   A.  A mental illness, Your Honor, severe depression.

21   Q.  Are you still undergoing treatment?

22   A.  No, I'm not, Your Honor.

23   Q.  How long ago was your treatment?

24   A.  I was taking the medication up until early May.

25   Q.  Is there anything about that medication or your condition
```

```
 1    that would affect your ability to understand and respond to
 2    my questions today?
 3    A.  No, Your Honor.
 4    Q.  Are you taking any medication today or suffering from any
 5    kind of illness that might affect your ability to understand
 6    and respond to my questions?
 7    A.  No, Your Honor.
 8    Q.  Have you received a copy of the indictment pending
 9    against you?
10    A.  Yes, I have, Your Honor.
11    Q.  Have you read the indictment and discussed the charges
12    with Mr. Cejas?
13    A.  Yes, I have.
14    Q.  You're charged in eight counts in the indictment, and
15    it's my understanding that you've agreed to plead guilty to
16    count one.  Is that your understanding of the plea agreement?
17    A.  Yes, it is, Your Honor.
18    Q.  I'm going to explain the charge in count one as well as
19    the elements that the United States would have to prove in
20    order to convict you on this charge if the case went to
21    trial.  Do you understand?
22    A.  Yes, I do.
23    Q.  Count one charges you with the receipt of images of
24    minors engaging in sexually explicit conduct.  This is a
25    violation of Title 18 of the United States Code, Section
```

1  2252(a)(2).  In order to convict you of the offense charged

2  in this count, the United States would have to prove each of

3  these elements beyond a reasonable doubt:  First, that in the

4  Eastern District of Virginia you knowingly received a visual

5  depiction which had either moved in interstate commerce or

6  which had been produced using materials which moved in

7  interstate commerce; second, that the production of this

8  visual depiction involved the use of a minor engaged in

9  sexually explicit conduct, and that the depiction portrayed

10 the minor engaged in that conduct; and finally, that you knew

11 the visual depiction involved the use of a minor and

12 portrayed the minor in sexually explicit conduct.

13         Do you understand all the elements the United States

14 would have to prove to convict you on this count?

15 A.  Yes, I do, Your Honor.

16 Q.  The maximum penalty provided for a conviction on count

17 one is 20 years in prison, a $250,000 fine, full restitution,

18 special assessments under Title 18 of the code, Section 3013

19 and 3014, and a minimum of five years up to a maximum of life

20 on supervised release.

21         In addition, a conviction on count one carries a

22 mandatory minimum term of imprisonment of five years.  Do you

23 understand the punishment prescribed?

24 A.  Yes, I do, Your Honor.

25 Q.  This case involves restitution which is discussed in your

1    plea agreement at Paragraph 9.  Do you understand that in
2    addition to any fine or prison sentence the Court imposes you
3    may be required to make restitution and compensate any victim
4    who has suffered a loss caused by any of the acts for which
5    you're pleading guilty?
6    A.  Yes, I do, Your Honor.
7    Q.  Any person who has suffered as a result of the acts for
8    which you're pleading guilty today may be the subject of a
9    restitution order, and that order would have the effect of a
10   judgment against you.  Do you understand this?
11   A.  Yes, I do.
12   Q.  The exact amount of the restitution order has not yet
13   been determined, but it could be an amount equal to all of
14   the losses suffered by any victim of this offense.  Do you
15   understand?
16   A.  Yes, I do.
17   Q.  This case also involves forfeiture which is addressed in
18   your plea agreement, Paragraph 17 through 18.  Do you
19   understand that the Court may require you to forfeit or turn
20   over certain property to the Government if that property was
21   used to commit illegal activity or if it was obtained with
22   the proceeds of illegal activity?
23   A.  Yes, I do, Your Honor.
24   Q.  This offense is a felony.  If your plea is accepted and
25   you're later found guilty, that judgment may deprive you of

1  valuable civil rights, including the right to vote, hold
2  public office, serve on a jury or possess a firearm.  Do you
3  understand this?
4  A.  Yes, I do.
5  Q.  Also, under the Sex Offender Registration and
6  Notification Act, a federal law, you'll be required to
7  register and keep your registration current in each of the
8  following jurisdictions:  where you reside, where you are
9  employed, or where you are a student.  Do you understand
10  this?
11  A.  Yes, I do, Your Honor.
12  Q.  The requirements for registration include providing your
13  name, residence, address, as well as the name and address of
14  any place where you are employed or are a student.  Do you
15  understand this?
16  A.  Yes, I do, Your Honor.
17  Q.  And you'll be required to keep your registration current
18  by informing any of these jurisdictions no later than three
19  business days after any change of your name, residence or
20  your employment or student status.  Do you understand this?
21  A.  Yes, I do, Your Honor.
22  Q.  And finally do you understand that if you fail to comply
23  with the requirements to register and keep your registration
24  current, that may subject you to prosecution for failure to
25  register under federal law, which is a separate offense,

1    separately punishable by a fine or imprisonment?

2    A.  Yes, I do, Your Honor.

3    Q.  The cost of your prosecution and the cost of your

4    incarceration, supervision or probation may also be assessed

5    against you if the Court determines you have the funds to pay

6    those costs.  Do you understand this?

7    A.  Yes, I do.

8    Q.  And you'll also be required to pay a special assessment,

9    and this special assessment is required whether or not you

10   have the ability to pay.  Do you understand?

11   A.  Yes, I do, Your Honor.

12   Q.  Ordinarily the special assessment is $100 for each count

13   of conviction.  However, if the Court determines you have the

14   ability to pay, you may be required to pay an additional

15   special assessment of up to $5,000 for each offense.  Do you

16   understand this?

17   A.  Yes, I do, Your Honor.

18   Q.  In addition to any period of incarceration the Court

19   imposes, there may be a period of supervised release.  The

20   period specified for a conviction on this count is a minimum

21   of five years up to a maximum of life.  If you are placed on

22   supervised release and violate any of the conditions imposed

23   on you, that may subject you to an additional period of

24   incarceration.  Do you understand this?

25   A.  Yes, I do, Your Honor.

1  Q.  I'm going to ask Mr. Dixon to hand you this document, Mr.

2  Darby.  If you will please review it and tell me if you

3  recognize what it is.  Do you recognize this document?

4  A.  Yes, I do, Your Honor.

5  Q.  Can you tell me what it is?

6  A.  It's the plea agreement.

7  Q.  Did you review this plea agreement with your attorney?

8  A.  Yes, I did, Your Honor.

9  Q.  Do you understand all of the provisions of the agreement?

10 A.  Yes, I do, Your Honor.

11 Q.  Do you have any questions for me about it at this time?

12 A.  No, I do not, Your Honor.

13 Q.  Did you initial each page of it and sign it at the back?

14 A.  Yes, Your Honor.

15        THE COURT:  Mr. Cejas, did you also review, initial

16 and sign the plea agreement?

17        MR. CEJAS:  Yes, sir.

18        THE COURT:  Ms. Fisher, did either you or Ms. Yusi

19 review, initial and sign on behalf of the United States?

20        MS. FISHER:  Yes, Your Honor, Ms. Yusi did.

21        THE COURT:  Mr. Darby, could you hand the document

22 back to Mr. Dixon.

23        Ms. Fisher, do you know whether any other plea

24 offers were extended to Mr. Darby in the case other than the

25 one that is contained in this written plea agreement?

1          MS. FISHER:  No, Your Honor.  This is the only plea

2     agreement.

3          THE COURT:  Mr. Cejas, can you confirm this is the

4     only offer Mr. Darby received?

5          MR. CEJAS:  That's correct.

6     BY THE COURT:

7     Q.  Mr. Darby, do you understand that you have a right to

8     plead not guilty to these charges?

9     A.  Yes, I do, Your Honor.

10    Q.  And if you have already entered a not guilty plea, you

11    have a right to persist in that plea.  Do you understand?

12    A.  Yes, I do.

13    Q.  If you plead not guilty, you would have the right to a

14    speedy and public trial by a jury.  At that trial you'd have

15    the right to the assistance of an attorney, the right to

16    confront and cross-examine the witnesses against you, and you

17    cannot be required to incriminate yourself.  Do you

18    understand these rights?

19    A.  Yes, I do, Your Honor.

20    Q.  And do you understand by pleading guilty you give up

21    these rights?

22    A.  Yes, I do.

23    Q.  If you plead not guilty and proceed to trial, you may not

24    be compelled to testify, and if you decide not to testify,

25    neither the Court nor the jury may draw any inference or

1   conclusion from your decision not to testify, and the

2   prosecutor may not comment on your decision in any way.  Do

3   you understand these rights?

4   A.  Yes, I do, Your Honor.

5   Q.  And do you understand by pleading guilty you give up

6   these rights, as well?

7   A.  Yes, I do.

8   Q.  If the Court accepts your guilty plea, there will be no

9   further trial of any kind regarding your guilt or innocence

10  on these charges.  Do you understand?

11  A.  Yes, I do, Your Honor.

12  Q.  If you were to plead not guilty, the United States would

13  have the burden of proof to prove you guilty beyond a

14  reasonable doubt.  Do you understand this?

15  A.  Yes, I do, Your Honor.

16  Q.  In order to convict you, the Government would have to

17  convince every member of a 12-person jury of your guilt by

18  competent evidence.  Do you understand the verdict would have

19  to be unanimous?

20  A.  Yes, I do, Your Honor.

21  Q.  At trial you would have the right to use the power of

22  this Court to compel the production of evidence, including

23  the attendance of witnesses on your behalf, but if the Court

24  accepts your guilty plea, you'll lose that right.  Do you

25  understand this?

1   A.  Yes, I do, Your Honor.

2   Q.  If you continue in your desire to plead guilty, the Court

3   may ask you questions about the offense and about your

4   conduct which gave rise to these charges.  Do you understand

5   this?

6   A.  Yes, I do, Your Honor.

7   Q.  And if you answer these questions under oath and your

8   answers later prove to be false and material to the

9   proceedings, those answers may be used against you in a

10  prosecution for perjury or false statement.  Do you

11  understand this?

12  A.  Yes, I do.

13  Q.  Other than the matters which are preserved in your plea

14  agreement, do you feel that any of your constitutional rights

15  have been violated in any way in connection with the seizure

16  of any evidence in this case?

17           MR. CEJAS:  No, Your Honor.

18           THE DEFENDANT:  No, Your Honor.

19  BY THE COURT:

20  Q.  I understand that you may have filed a motion to suppress

21  challenging the search of your computer, both remotely and as

22  a consequence of that remote search, the search that took

23  place in your resident, and those matters are preserved for

24  appeal in your plea agreement.  Is that correct, Mr. Darby?

25  A.  Yes, Your Honor.

1  Q.  Other than those matters which were raised in the written

2  motions filed before the Court and addressed in your plea

3  agreement, are you aware of any other violation of your

4  constitutional rights in connection with the seizure of

5  evidence in the case?

6  A.  No, Your Honor.

7  Q.  Do you feel that any of your constitutional rights,

8  again, with the same reservation, were violated with regard

9  to the taking of any statement from you by law enforcement?

10  A.  No, Your Honor.

11  Q.  Has anyone, including your attorney or the United States

12  Attorney, made any promise of leniency or any promise of any

13  kind in return for your guilty plea other than what is

14  contained in this written plea agreement?

15  A.  No, Your Honor.

16  Q.  Has anyone threatened you in any way or tried to force

17  you to plead guilty?

18  A.  No, Your Honor.

19  Q.  Do you understand that if the prosecution agrees to

20  recommend a particular sentence in the case that that

21  recommendation will not be binding on Judge Doumar when you

22  are sentenced?

23  A.  Yes, I do.

24  Q.  Also, if the prosecution agrees not to oppose your

25  attorney's recommendation, even if both attorneys agree on an

1    appropriate sentence, the Court is not required to follow

2    their recommendation?  Do you understand this?

3    A.  Yes, I do, Your Honor.

4    Q.  Have you had the opportunity to discuss your case with

5    Mr. Cejas?

6    A.  Yes, I have.

7    Q.  And have you discussed all of the facts of the case with

8    him?

9    A.  Yes, I have.

10   Q.  Are you satisfied that he's fully considered the facts

11   and discussed with you any possible defenses you may have to

12   these charges?

13   A.  Yes, I am, Your Honor.

14   Q.  Do you understand that if you are sentenced to prison for

15   this offense, there is no parole in the federal system?

16   A.  Yes, sir, Your Honor.

17   Q.  The statute under which you are charged sets forth both

18   the maximum and minimum sentence which can be imposed, but it

19   is also subject to the federal sentencing guidelines, and

20   these guidelines will be consulted by the Court to determine

21   the actual sentence imposed on you.  Do you understand this?

22   A.  Yes, I do.

23   Q.  Are you aware that the sentence recommended by the

24   guidelines will be based in part on the actual conduct in

25   which you engaged?

```
1    A.  Yes, I am, Your Honor.
2    Q.  And this will include all of your relevant conduct, not
3    just the minimum conduct necessary to establish the elements
4    of this single count.  Do you understand this?
5    A.  Yes, I do, Your Honor.
6    Q.  The guidelines also take into account the victim or
7    victims of your offense, the role that you played, whether or
8    not you engaged in any obstruction of justice or have
9    accepted responsibility for your acts.  Do you understand
10   this?
11   A.  Yes, I do, Your Honor.
12   Q.  Do you understand that your criminal history is an
13   important factor in applying the sentencing guidelines?
14   A.  Yes, I do.
15   Q.  Although the guidelines are advisory the Court will give
16   greater consideration to the sentence that the guidelines
17   recommend.  Do you understand this?
18   A.  Yes, I do, Your Honor.
19   Q.  After today's hearing but prior to sentencing, a
20   presentence report must be prepared by the probation office
21   setting forth your personal history as well as the facts of
22   this case.  Do you understand this?
23   A.  Yes, I do.
24   Q.  Do you understand that until this presentence report is
25   completed, it is impossible for either the Court or for your
```

1    attorney to know precisely what sentence range will be

2    prescribed by the guidelines?

3    A.   Yes, I do, Your Honor.

4    Q.   The Court will follow the procedure set forth in the

5    guidelines when it determines your sentence and it can only

6    do that after receiving the presentence report.  Do you

7    understand?

8    A.   Yes, I do.

9    Q.   Sometimes the Court has to resolve disputes that arise

10   about information contained in the presentence report and the

11   resolution of those disputes may affect how the guidelines

12   apply in your case.  Do you understand this?

13   A.   Yes, I do.

14   Q.   Have you discussed the guidelines with Mr. Cejas?

15   A.   Yes, I have, Your Honor.

16   Q.   And has he explained the various considerations which

17   will go into determining how the guidelines apply in your

18   case?

19   A.   Yes, he has.

20   Q.   And do you understand at this point it's unlikely that

21   Mr. Cejas can be specific about the guideline range because

22   he has not seen the presentence report?

23   A.   Yes, I understand, Your Honor.

24   Q.   And do you understand that you will not be permitted to

25   withdraw your guilty plea on the grounds that your attorney's

1    prediction of the guideline range later proves to be

2    inaccurate?

3    A.  Yes, I do.

4    Q.  Now, under some circumstances you or the United States

5    may have the right to appeal any conviction or sentence that

6    the Court imposes, and in general you would have the right to

7    appeal your conviction and the sentence and to proceed

8    without paying a filing fee if you qualified for indigent

9    status.

10          However, in your plea agreement there's a written

11   provision which limits your right to appeal.  It preserves

12   your right to appeal the adverse determination of three

13   pretrial motions; two motions to suppress and one motion to

14   compel.  Do you understand that?

15   A.  Yes, I do, Your Honor.

16   Q.  Other than the issues raised by those three pretrial

17   motions, this plea agreement includes a provision whereby you

18   waive your right to appeal your conviction on any other

19   grounds.  Do you understand this?

20   A.  Yes, I do, Your Honor.

21   Q.  It also waives your right to appeal the Court's sentence.

22   Do you understand this?

23   A.  Yes, I do, Your Honor.

24   Q.  Are you entering this plea agreement freely and

25   voluntarily?

1  A.  Yes, I am.

2        THE COURT:  All right.  I'm going to file -- Judge

3  Doumar hasn't seen this plea agreement yet, has he?

4        MR. CEJAS:  No, sir.

5        THE COURT:  I'm going to file it for now because he

6  may want to -- anyway, I'm going to file it rather than

7  accept it at this point in time.

8        MR. CEJAS:  Thank you, sir.

9        THE COURT:  Mr. Cejas, has Mr. Darby been competent

10  and able to cooperate with you in the case?

11        MR. CEJAS:  Yes, sir.

12        THE COURT:  And have you discussed the facts of the

13  case in detail with him?

14        MR. CEJAS:  I have.

15        THE COURT:  Are you satisfied that there are no

16  meritorious defenses he might raise which in your opinion

17  would result in -- clarify.  Are you satisfied there are no

18  meritorious defenses other than those preserved in the

19  appeal, the limited appeal provision of the plea agreement,

20  are you satisfied that there are no meritorious defenses he

21  might raise in the case?

22        MR. CEJAS:  Yes, sir.

23        THE COURT:  Are you satisfied that the defendant's

24  constitutional rights have been observed except as preserved

25  in the plea agreement?

```
 1              MR. CEJAS:  Yes, sir, Your Honor.
 2              THE COURT:  Are you satisfied that as the defendant
 3      stands there, he is not under the influence of any drugs,
 4      narcotics, marijuana or alcohol?
 5              MR. CEJAS:  Yes, Your Honor.
 6              THE COURT:  Do you know of any reason of any kind
 7      which would prevent the defendant from pleading guilty
 8      pursuant to this plea agreement?
 9              MR. CEJAS:  No, sir, Your Honor.
10      BY THE COURT:
11      Q.  Mr. Darby, I'm going to read count one to you from the
12      indictment.  After I've read it, I'm going to ask if you
13      understand it.  If you don't understand it, please tell me
14      and I'll explain the charge until you do understand.  After
15      I'm satisfied that you understand the charge in count one,
16      I'll ask for your plea.  All right?
17      A.  Yes, Your Honor.
18      Q.  Count one charges that on or about October 27, 2014, in
19      Suffolk, in the Eastern District of Virginia and elsewhere,
20      defendant Gerald Andrew Darby did knowingly receive a visual
21      depiction using a means and facility of interstate and
22      foreign commerce, and that had been shipped and transported
23      in and affecting interstate and foreign commerce, and which
24      contained materials which had been so shipped and transported
25      by any means, including by computer, and the production of
```

1    such visual depiction involved the use of a minor engaging in

2    sexually explicit conduct, and such visual depiction was of

3    such conduct.  That is, Gerald Andrew Darby received a visual

4    depiction bearing the file name

5    "[JaneDoe]+9year+00016.JPG.JPG" in violation of Title 18 of

6    the United States Code, Sections 2252(a)(2), 2256(1) and (2).

7         Now, Mr. Darby, having heard the charge in count one,

8    do you understand it?

9    A.  Yes, I do, Your Honor.

10   Q.  How do you plead to count one, guilty or not guilty?

11   A.  Guilty, Your Honor.

12   Q.  Are you entering this guilty plea freely and voluntarily?

13   A.  Yes, I am, Your Honor.

14   Q.  Are you pleading guilty because you are, in fact, guilty

15   of the offense charged in count one?

16   A.  Yes, I am, Your Honor.

17   Q.  Mr. Darby, I'm going to ask Mr. Dixon to hand you another

18   document.  If you would please review this and tell me if you

19   recognize what it is?

20   A.  Yes, Your Honor.

21   Q.  Can you tell me what it is?

22   A.  It's the statement of facts, Your Honor, that I made.

23   Q.  And did you review this statement with your attorney?

24   A.  Yes, I did, Your Honor.

25   Q.  Do you understand everything contained in this statement?

1   A.  Yes, I do, Your Honor.

2   Q.  Do you have any questions for me about it at this time?

3   A.  No, Your Honor.

4   Q.  Did you initial each page of it and sign it at the back?

5   A.  Yes, Your Honor.

6          THE COURT:  Mr. Cejas, did you review, initial and

7   sign the statement?

8          MR. CEJAS:  Yes, sir.

9          THE COURT:  Ms. Fisher, on behalf of the United

10  States, did you or Ms. Yusi review, initial and sign the

11  statement?

12         MS. FISHER:  Yes, Your Honor, Ms. Yusi did.

13         THE COURT:  And, Ms. Fisher, can you confirm that

14  this statement of facts is identical to what was faxed to

15  chambers for review?

16         MS. FISHER:  Yes, sir.

17         THE COURT:  Mr. Darby, could you hand it back to

18  Mr. Dixon, please.

19         Thank you.

20  BY THE COURT:

21  Q.  Mr. Darby, the reason we prepare a written statement of

22  facts is because the Court is not permitted to accept your

23  plea without first making a finding that it is supported by

24  facts, that is, that there are facts upon which you and the

25  United States agree that would be sufficient to support your

1   conviction if the case went to trial.  Do you understand

2   this?

3   A.  Yes, Your Honor.

4   Q.  So having reviewed the statement and understanding its

5   purpose, do you agree with everything contained in the

6   statement of facts?

7   A.  Yes, Your Honor.

8   Q.  Is there anything in the statement that you disagree with

9   or take exception to?

10  A.  No, Your Honor.

11  Q.  If the case did proceed to trial, do you agree that the

12  United States could prove all of these facts beyond a

13  reasonable doubt?

14  A.  Yes, Your Honor.

15          THE COURT:  I'm going to accept the statement of

16  facts and ask that it be filed.

17          I apologize that I did not have a chance to

18  communicate about the conditional nature of the plea, but in

19  light of the conditional nature of the plea, I'm going to

20  write an R&R.  I'm going to recommend acceptance, but I'm

21  going to leave it to Judge Doumar to evaluate that record for

22  himself in light of the extensive prehearing litigation

23  that's already occurred and his close familiarity with those

24  issues.  So I'm going to write an R&R instead of doing an

25  order, but I will go ahead and enter the sentencing

1    procedures order.

2            I understand you all have agreed with Judge Doumar

3    on December 15th at 10:00 a.m. for sentencing.

4            MR. CEJAS:  Yes, sir.

5            THE COURT:  Did you already review the sentencing

6    procedures order with Mr. Darby, Mr. Cejas?

7            MR. CEJAS:  Yes, and I provided him with a copy.

8            THE COURT:  Mr. Darby, I am entering an order

9    setting the terms by which the Court -- excuse me, the

10   process the Court will follow in arriving at your sentence.

11   It describes the preparation of the presentence report as

12   well as your opportunity to object to that report.  Judge

13   Doumar requires that your attorney be present at any

14   interview conducted by probation, and that's set forth in the

15   order.  Both you and your attorney will have the opportunity

16   to speak and to present evidence at the sentencing hearing.

17   Do you understand?

18           THE DEFENDANT:  Yes, I do, Your Honor.

19           THE COURT:  All right.  I have entered the

20   sentencing procedures order, and I will prepare and file

21   today an R&R regarding acceptance of the plea.

22           Is there anything else we need to accomplish today,

23   Mr. Cejas?

24           MR. CEJAS:  No, sir, Judge.

25           THE COURT:  Ms. Fisher, is there anything else for

1    the United States?

2            MS. FISHER:  No, Your Honor.

3            THE COURT:  All right.  The defendant's remanded.

4    Thank you.

5            MR. CEJAS:  Thanks, Judge.

6            (Hearing adjourned at 12:58 p.m.)

7                            CERTIFICATION

8

9        I certify that the foregoing is a correct transcript

10   from the record of proceedings in the above-entitled matter.

11

12

13            X_____/s/_____x

14                      Jody A. Stewart

15              X_____2-7-2017 _____x

16                           Date

17

18

19

20

21

22

23

24

25

JODY A. STEWART, Official Court Reporter