IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA

      v.                         CASE NO. 2:16CR36

GERALD ANDREW DARBY
        Defendant.

### DEFENDANT'S MOTION TO WAIVE THE
### PRESENTENCE REPORT AND FOR IMMEDIATE SENTENCING

COMES NOW the defendant, by counsel, pursuant to Federal Rules of Criminal Procedure, Rule 32(c)(1)(A)(ii), and requests that this Honorable Court waive any requirements for a presentence report and sentence the defendant at his guilty plea hearing. The information in the record concerning the defendant's history, characteristics and the facts and circumstances of the offense enable the court to meaningfully sentence the defendant. This paper supplements that information.

### BACKGROUND

On March 10, 2016, Mr. Darby was named in an eight-count Indictment. ECF No. 1. Counts One through Five charged Defendant with Receipt of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252(a)(2) and 2256(1) and (2). Counts Six through Eight charged Defendant with Possession of Images of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. §§ 2252A(a)(4)(B) and 2256(1) and (2). Mr. Darby filed several pretrial motions including two motions that sought to suppress all of the evidence of child pornography under the Fourth Amendment and Fed. R. Crim. P. 41, and a motion to compel discovery. The district court denied those motions to suppress in an opinion and order

filed on June 3, 2016. *(See* Dkt. No. 31.) On September 8, 2016, Mr. Darby appeared before this court and entered a conditional plea of guilty pursuant to the terms of a written plea agreement, to Count One of the indictment- receipt of child pornography, in violation of Title 18, United States Code, section 2252(a)(2). On December 15, 2016, this Court sentenced Mr. Darby to serve 60 months in the Bureau of Prisons, followed by 15 years of supervised release, finding that such a sentence complied with the statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. See 18 U.S.C. § 3553(a).. The court thereafter issued a written opinion concerning it's sentencing rationale. (*See* Dkt. No. 69). On December 29, 2016, Mr. Darby filed a timely Notice to Appeal the court's denial of the aforementioned motions.

  Shortly after filing the Notice of Appeal, the parties discovered that the conditional plea agreement included matters that could not be deemed as "case dispositive." Specifically, the inclusion of the court's denial of the motion to compel discovery is not "case dispositive." Because the discovery issue is not case dispositive as required for a valid conditional plea, and because a conditional plea that preserves even a single non-case-dispositive issue is invalid, Fourth Circuit precedent mandated that Mr. Darby's conditional guilty plea should be vacated. *See, e.g., United States v. Bundy*, 392 F.3d 641 (4th Cir. 2004); *United States v. Sherif*, 382 F. App'x 272 (4th Cir. 2010). On January 25, 2017, the government filed a motion, unopposed by Mr. Darby, to vacate the guilty plea, resulting judgment, and remand the case to this court for further proceedings. On January 31, 2017, the Fourth Circuit granted that motion. (*See* Dkt. No. 77).

The parties have since revised the aforementioned conditional plea agreement to include only "case dispositive" matters. In addition, the parties have negotiated a plea pursuant to Rule 11( c)(1)(B), recommending a sentence of 60 months followed by a term of supervised release, which is identical to the original sentence. All in other respects, the plea agreement is unchanged. As before, Mr. Darby will be entering a plea of guilty to Count One of the Indictment- receipt of child pornography, in violation of Title 18, United States Code, section 2252(a)(2). The statement of facts filed by the parties remains unchanged. Mr. Darby has been in custody since his arrest and his circumstances have not significantly changed since he was sentenced on December 15, 2016. Lastly, the matters considered by the court in it's sentencing opinion (*See* Dkt. No. 69), also remain unchanged. Under these circumstances, a new pre-sentence report is unnecessary and a waste of judicial resources. The information contained in the record is detailed, complete, and sufficient to enable the court to meaningfully sentence the defendant. The defendant, with the agreement of the government, asks the court to waive the requirement of a pre-sentence report and sentence Mr. Darby immediately following the entry of the guilty plea.

### MEMORANDUM OF LAW AND ARGUMENT IN SUPPORT OF MOTION TO WAIVE THE PRESENTENCE REPORT

Both the Federal Rules of Criminal Procedure and the Sentencing Guidelines expressly provide that a district judge may sentence a defendant without a presentence report "[if] the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." *United States v. Brown*, 557 F.3d 297, 299 (6th Cir. 2009), citing Fed. R.Crim. Pro.32(c)(1)(A)(ii); U.S.S.G. § 6A1.1(a)(2). "This makes sense. The purpose of a presentence report is to inform the judge of the facts

relevant to sentencing. As Rule 32( c)( 1)( A)( ii) and U.S. Sentencing Guidelines Manual § 6A1.1(a)(2) recognize, where the judge already has those facts in front of him, a presentence report is unnecessary. *Id* at 299-300.  The information in the record, the defendant's history, and materials which are the result of counsel's investigation, provide the court with ample evidence to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553.  This information includes a pre-sentence report recently ordered and prepared by this court in 2016 (see Doc. 60).

      The documents previously submitted by counsel, and the aforementioned pre-sentence report, provide the court with sufficient information and evidence to consider in detail: (1) the nature and circumstances of the offense and the history and characteristics of Mr. Darby ; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; ( C) to protect the public from further crimes of Mr. Darby ; and (D) to provide Mr. Darby  with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available;  (4) the kinds of sentences and the sentencing range established for [the offense]; (5) any pertinent policy issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553.  The court has sufficient information  to impose a sentence sufficient, but not greater than necessary, to comply with the above factors.  In light of these facts, the court should waive any requirements for a presentence report and sentence the defendant at his guilty plea hearing.

## **CONCLUSION**

The defendant submits and the government agrees, that further delay for the preparation of a presentence report is unnecessary and a waste of governmental resources. There is sufficient information is available for the court to meaningfully sentence Mr. Darby and he requests that this Honorable Court waive any requirements for a presentence report and sentence him at his guilty plea hearing to 60 months, followed by 15 years of supervised release.

        Respectfully submitted,

        GERALD ANDREW DARBY

By     _____
       Rodolfo Cejas, II
       Virginia State Bar No. 27996
       Attorney for Gerald Andrew Darby
       Office of the Federal Public Defender
       150 Boush Street, Suite 403
       Norfolk, Virginia 23510
       Telephone: 757-457-0800
       Facsimile: 757-457-0880
       Email Address: rodolfo_cejas@fd.org

**CERTIFICATE OF SERVICE**

I certify that on the 16th day of March, 2017, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Elizabeth Yusi, Esquire
>United States Attorney's Office
>101 West Main, Suite 8000
>Norfolk, Virginia 23510
>(757) 441-6331
>Email: elizabeth.yusi@usdoj.gov

>By:_____/s/_____
>Rodolfo Cejas, II
>VSB # 27996
>Assistant Federal Public Defender
>Attorney for Gerald A. Darby
>Office of the Federal Public Defender
>150 Boush Street, Suite 403
>Norfolk, Virginia 23510
>Telephone: 757-457-0800
>Facsimile: 757-457-0880
>Email Address: rodolfo_cejas@fd.org