1

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE EASTERN DISTRICT OF VIRGINIA

3    NORFOLK DIVISION

4

5    UNITED STATES OF AMERICA          )

6         V.                          ) CRIMINAL NO. 2:16cr36

7    GERALD ANDREW DARBY,              )

8         Defendant.                   )

9

10

11

12    TRANSCRIPT OF PROCEEDINGS

13    ARRAIGNMENT AND SENTENCING

14    Norfolk, Virginia

15    March 21, 2017

16

17

18    BEFORE:  THE HONORABLE ROBERT G. DOUMAR, Judge

19

20

21    ------------------------------------

22    TAYLOE COURT REPORTING LLC

23    Registered Professional Reporters

24    Telephone:  (757) 461-1984

25    Norfolk, Virginia

```
 1    Appearances:

 2          On behalf of the United States of America:

 3                    ELIZABETH M. YUSI, ASSISTANT UNITED

 4                    STATES ATTORNEY

 5                    United States Attorney's Office

 6                    101 West Main Street, Suite 8000

 7                    Norfolk, Virginia  23510

 8                    (757) 441-6331

 9                    Elizabeth.Yusi@usdoj.gov

10                    LESLIE FISHER, TRIAL ATTORNEY

11                    U.S. Department of Justice

12                    Criminal Division, Child Exploitation &

13                    Obscenity Section

14                    1400 New York Ave. N.W., Suite 600

15                    Washington, D.C. 20006

16                    (202) 616-2557

17                    leslie.fisher2@usdoj.gov

18          On behalf of the Defendant:

19                    RODOLFO CEJAS, II, ASSISTANT FEDERAL

20                    PUBLIC DEFENDER

21                    Office of the Federal Public Defender

22                    150 Boush Street, Suite 403

23                    Norfolk, Virginia  23510

24                    (757) 457-0800

25                    Rodolfo_cejas@fd.org
```

1          (The record commenced at 9:50 a.m.)

2          THE COURT:  Ms. Fisher, Ms. Yusi, is the

3     government ready to proceed?

4          MS. YUSI:  We are.  Good morning, Your Honor.

5          THE COURT:  Mr. Cejas, is your client ready to

6     proceed?

7          MR. CEJAS:  Yes, we are.  Good morning, Your

8     Honor.

9          THE COURT:  Good morning, Mr. Cejas.

10          Mr. Darby, would you come forward, please, to

11     the podium.

12          Mr. Darby, before accepting your plea of guilty

13     in this matter I want to inform you of your rights.  I want

14     to be satisfied that you understand them and that you're

15     entering this plea fully, freely, and voluntarily with a full

16     understanding of what your rights are.

17          You are to be sworn to answer questions which I

18     propose to put to you in order to be certain that you know

19     what your rights are and that you're, indeed, guilty of the

20     offense with which you're charged subject to particular

21     conditions.

22          I intend to question you under oath on the

23     record in the presence of your lawyer about the offenses to

24     which you're pleading as well as other matters, and your

25     answers if untrue and material to these proceedings may later

4

1    be used against you in a prosecution for perjury or false

2    statement.

3              Do you understand that this Court may question

4    you along these lines?

5              THE DEFENDANT:  Yes, I do, Your Honor.

6              THE COURT:  Do you further understand that the

7    answers, if they're untrue, may be used in a prosecution for

8    perjury or false statement?

9              THE DEFENDANT:  Yes, I do, Your Honor.

10             THE COURT:  Would you please swear the

11   defendant, Mr. Darby?

12             (GERALD ANDREW DARBY was duly sworn.)

13             THE COURT:  Your correct name is Gerald,

14   G-E-R-A-L-D, Andrew Darby and you are the person named in the

15   pending criminal indictment in the United States District

16   Court for the Eastern District of Virginia, Norfolk Division,

17   as Criminal Action No. 216cr36; is that correct?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  And you're over the age of 21?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  And how far did you go in school,

22   Mr. Darby?

23             THE DEFENDANT:  I completed some years of

24   college.

25             THE COURT:  So you're able to read, write and

1    speak the English language and you understand what I'm saying

2    to you now?

3                    THE DEFENDANT:  Yes, Your Honor.

4                    THE COURT:  As you stand there are you under the

5    influence of any drugs, narcotics, marijuana or alcohol?

6                    THE DEFENDANT:  No, I am not, Your Honor.

7                    THE COURT:  Have you ever been treated for any

8    mental illness or addiction to narcotic drugs of any kind?

9                    THE DEFENDANT:  As far as -- yes, Your Honor,

10   depression, but no to any addiction to alcohol or any other

11   kind of drugs.

12                   THE COURT:  Other than that, any other treatment

13   of any kind?

14                   THE DEFENDANT:  No, Your Honor.

15                   THE COURT:  You haven't been addicted to

16   narcotic drugs?

17                   THE DEFENDANT:  No, Your Honor, I have not.

18                   THE COURT:  Now, you've received a copy of the

19   indictment pending against you, that is, the written charges

20   made against you in this case.  And I want to know, have you

21   fully discussed those charges and the case in general with

22   your attorney, Mr. Cejas?

23                   THE DEFENDANT:  Yes, I have, Your Honor.

24                   THE COURT:  Now, you're charged with eight

25   counts in the criminal indictment.  You've agreed to plead

1    guilty to Count One.  Count One charges you with receipt of

2    images of minors engaging in sexually explicit conduct in

3    violation of Title 18, United States Code, Section

4    2252(A)(2).

5              In order to convict you of the offense charged

6    in this count the government would have to prove the

7    following essential elements of the offense beyond a

8    reasonable doubt:

9              One, that somewhere in the Eastern District of

10   Virginia you knowingly received one or more matters which

11   contained visual depictions of a minor engaging in sexually

12   explicit conduct.  Such visual depiction had been shipped or

13   transported using any means of interstate or foreign commerce

14   or had been produced using materials which had been mailed or

15   shipped or transported by any means, including by computer,

16   in interstate or foreign commerce, for the production of such

17   visual depiction involved the use of a minor engaging in

18   sexually explicit conduct, and such visual depiction was of a

19   minor engaging in this sexually explicit conduct.  You knew

20   that such visual depiction was of a sexually explicit conduct

21   and that at least one of the persons engaged in the sexually

22   explicit conduct and such visual depiction was a minor.

23             The penalty provided by law for this count is a

24   minimum term of imprisonment of five years, a maximum term of

25   imprisonment of 20 years, a maximum fine of $250,000, a

1    special assessment of $100, and an additional special

2    assessment of $5,000 should the Court find you to be

3    nonindigent.

4           Full restitution is required and forfeiture of

5    assets and, that is, the assets either committed with this

6    crime or committing this crime, or assets that were derived

7    from the benefits, if any, of this crime.

8           A supervised release term in a minimum of five

9    years up to a term of life is required.

10          Do you understand what the government would have

11   to prove and the seriousness of the penalty provided by law

12   for this offense?

13          THE DEFENDANT:  Yes, I do, Your Honor.

14          THE COURT:  In relation to the sentence that

15   this Court may impose you may have hear of Advisory

16   Sentencing Guidelines relative to the sentence, and pursuant

17   to the United States Supreme Court's various decisions in

18   Title 18, United States Code Section 3553, this Court advises

19   you that it will impose a sentence sufficient but no greater

20   than necessary to:  One, reflect the seriousness of your

21   offense; two, to promote respect for the law; three, to

22   provide just punishment for your offense; four, to afford

23   adequate deterrents to criminal conduct; five, to protect the

24   public from further crimes you may commit, and six, to

25   provide you with needed educational or vocational training,

1    medical care, or other correctional treatment.

2            In determining the sentence to be imposed this

3    Court will also consider the nature and circumstances of your

4    offense, your history and characteristics, the kinds of

5    sentences available, the need to avoid unwarranted sentencing

6    disparities, and the need to provide restitution to any

7    victim of your offense.

8            Additionally, the Court must take the applicable

9    sentencing guideline range as determined by the United States

10   Sentencing Guideline Commission under advisement.  In

11   calculating this range the Court advises you that it may take

12   into consideration all your activities in arriving at the

13   sentencing guideline range, including activities for which

14   you're not charged and activities for which charges or

15   indictments have been or will be dismissed.

16           Do you understand this?

17           THE DEFENDANT:  Yes, I do, Your Honor.

18           THE COURT:  In addition to any fine or prison

19   sentence that this Court may impose you may be required to

20   make restitution and to compensate any victim who has

21   suffered a loss caused by any of the acts for which you're

22   pleading guilty.  Restitution is not limited only to the

23   victim's actual loss such as monies or property stolen or

24   damaged, if indeed there were any, and the return thereof,

25   but include restitution for such things as medical expenses

1    and lost wages where the victim and other victims may have

2    been injured or suffered damages.

3              Thus, any person who has suffered as a result of

4    the acts of which you're pleading guilty today may be the

5    subject of a restitution order, and that restitution order

6    may be made a part of your sentence and would have the effect

7    of a judgment against you.

8              Do you understand this, sir?

9              THE DEFENDANT:  Yes, I do, Your Honor.

10             THE COURT:  Now, the Court may require you to

11   forfeit certain property to the government if it was obtained

12   with the proceeds of this illegal activity or if it was used

13   to commit this illegal activity.

14             Do you understand this?

15             THE DEFENDANT:  Yes, I do, Your Honor.

16             THE COURT:  The offense to which you're pleading

17   is a felony.  If your plea is accepted you will be judged

18   guilty of the offense.  Such judgment may deprive you of

19   valuable Civil Rights such as the right to vote, the right to

20   hold public office, the right to sit on a jury, the right to

21   possess a firearm.

22             Do you understand you would lose these rights?

23             THE DEFENDANT:  Yes, I do, Your Honor.

24             THE COURT:  A guilty plea to this offense may

25   also have other added consequences such as deportation if you

1    are an alien, loss of privilege, loss of jobs or positions or

2    licenses of any kind, impairment of reputation and

3    disqualification for public and private benefits.

4                Are you aware that these collateral matters may

5    affect you should you plead guilty to this offense?

6                THE DEFENDANT:  Yes, I do Your Honor.

7                THE COURT:  Are you an alien or otherwise

8    subject to deportation?

9                THE DEFENDANT:  No, I am not, Your Honor.

10               THE COURT:  Additionally, do you understand that

11   the cost of your prosecution and the cost of your

12   incarceration, supervision or probation, if any, may also be

13   assessed against you should I determine you have the money

14   and funds with which to pay the same?

15               Do you understand that, sir?

16               THE DEFENDANT:  Yes, I do, Your Honor.

17               THE COURT:  In addition to any fine, forfeiture,

18   cost of prosecution, incarceration, supervision or probation

19   you'll be required to pay a special assessment of $100 which

20   is to apply to court costs, and this is required whether or

21   not you have the ability to pay.

22               Do you understand that?

23               THE DEFENDANT:  Yes, I do, Your Honor.

24               THE COURT:  In addition to this $100 assessment

25   you'll have a hundred dollar assessment, and in addition to

1    that if this Court finds you to be nonindigent you will be

2    required to pay an additional special assessment of $5,000.

3              Do you understand that, sir?

4              THE DEFENDANT:  Yes, I do, Your Honor.

5              THE COURT:  Do you understand that there may be

6    a period of supervised release in addition to any jail

7    sentence which may be imposed?  The period of supervised

8    release with respect to this count is a minimum of five years

9    up to a maximum of life.

10             Your failure to abide by the conditions of

11   supervised release may subject you to an additional period of

12   confinement not in excess of the maximum number of years of

13   supervised release authorized for the underlying offense and

14   which may be given to you at the time of the sentencing.

15             Do you understand that, sir?

16             THE DEFENDANT:  Yes, I do, Your Honor.

17             THE COURT:  Have you read the plea agreement?

18             THE DEFENDANT:  Yes, I have, Your Honor.

19             THE COURT:  Has your counsel, Mr. Cejas, fully

20   explained the plea agreement to you?

21             THE DEFENDANT:  Yes, he has.

22             THE COURT:  Mr. Marshall, would you be so kind

23   as to hand to Mr. Darby this document?

24             Mr. Darby, can you tell me what that document is

25   that the court security officer, Mr. Marshall, has just

1    handed you?

2                    THE DEFENDANT:  Yes.  It's a copy of the plea

3    agreement, Your Honor.

4                    THE COURT:  And is this a plea agreement you

5    went over in detail with your attorney, Mr. Cejas?

6                    THE DEFENDANT:  Yes, it is, Your Honor.

7                    THE COURT:  And have you signed it and initialed

8    all the other pages of this agreement?

9                    THE DEFENDANT:  Yes, I have, Your Honor.

10                    THE COURT:  Mr. Cejas, is this plea agreement

11   the one that you entered into with your client, Mr. Darby,

12   and with the United States Attorney in this case?

13                    MR. CEJAS:  Yes, sir.

14                    THE COURT:  And have you signed it and initialed

15   all the other pages?

16                    MR. CEJAS:  I have.

17                    THE COURT:  Would you be so kind as to hand the

18   agreement to Ms. Fisher or Ms. Yusi?

19                    Who signed this agreement?  Ms. Yusi, did you

20   sign it?

21                    MS. YUSI:  I did, Your Honor, on behalf of the

22   government.

23                    THE COURT:  And is this the agreement you

24   entered into with Mr. Cejas and his client, Mr. Darby, in

25   this case?

1    MS. YUSI:  It is, Your Honor.

2    THE COURT:  And have you executed it and

3    initialed all the other pages?

4    MS. YUSI:  I have, Your Honor.

5    THE COURT:  Mr. Darby, did you enter into this

6    agreement freely and voluntarily?

7    THE DEFENDANT:  Yes, I did, Your Honor.

8    THE COURT:  The agreement is hereby ordered

9    filed subject to the acceptance of a plea of guilty as to

10   Count One of this indictment.

11   Now, Mr. Darby, do you understand that you have

12   an absolute right to plead not guilty?

13   You've previously entered a plea of not guilty

14   to this charge.  You would have a right to persist in that

15   plea.  If you pled not guilty even -- you can ignore the plea

16   agreement and plead not guilty if you desire to do so, and I

17   want to emphasize that.

18   If you pled not guilty you would have a right to

19   a speedy and a public trial by jury.  At that trial you have

20   the right to the assistance of a lawyer, the right to

21   confront and cross-examine the witnesses against you, and you

22   cannot be required to incriminate yourself.

23   Do you understand this right?

24   THE DEFENDANT:  Yes, I do, Your Honor.

25   THE COURT:  Now, if you pled not guilty at a

1    trial you may not be required to testify, and any such

2    failure to testify at a trial may not be commented upon nor

3    may the Court or the jury draw any inference of any kind from

4    any such failure to testify.

5              Do you understand this right?

6              THE DEFENDANT:  Yes, I do, Your Honor.

7              THE COURT:  That you have therefore a right not

8    to incriminate yourself.  Do you understand this, sir?

9              THE DEFENDANT:  Yes, I do, Your Honor.

10             THE COURT:  Now, if you pled guilty to Count One

11   you waive all of those rights with respect to that count.

12             Do you understand that, sir?

13             THE DEFENDANT:  Yes, I do, Your Honor.

14             THE COURT:  If this Court accepts your guilty

15   plea there will be no further trial of any kind in this

16   matter, merely a hearing to determine the sentence which will

17   be imposed upon you.

18             Do you understand this?

19             THE DEFENDANT:  Yes, I do, Your Honor.

20             THE COURT:  If you pled not guilty the United

21   States would have the burden of convincing each and every

22   member of a jury composed of 12 persons of your guilt by

23   competent evidence beyond a reasonable doubt.

24             Do you understand that?

25             THE DEFENDANT:  Yes, I do, Your Honor.

1        THE COURT:  If you were to plead not guilty you

2   would have the right to use the power and process of this

3   court to compel the production of any evidence, including the

4   attendance of any witnesses on your behalf, but if the Court

5   accepts your guilty plea you lose that right.

6        Do you understand that, sir?

7        THE DEFENDANT:  Yes, I do, Your Honor.

8        THE COURT:  Now, if you persist in your desire

9   to plead guilty to this offense, as I told you in the

10   beginning, the Court or this Court may ask you questions

11   about the offense.  If you answer these questions under oath

12   in the presence of your attorney, your answers if untrue and

13   material to these proceedings may later be used against you

14   in a prosecution for perjury or false statement if they're

15   untrue.

16        Do you understand that this Court may question

17   you along these lines?

18        THE DEFENDANT:  Yes, I do, Your Honor.

19        THE COURT:  Now, every person has a right to be

20   free from an unreasonable search and seizure by a law

21   enforcement agent, whether federal or state.  Therefore,

22   every person has a right to be free from an unconstitutional

23   search and seizure of evidence, excluding the claims and

24   arguments made in your first Motion to Suppress filed on

25   April the 13th, 2016, and the second Motion to Suppress filed

1    on May 3rd, 2016.

2                Other than these alleged Constitutional rights

3    do you feel that any other Constitutional rights have been

4    violated in any way in connection with the seizure of any

5    physical or tangible evidence relating to this offense by any

6    police or other law enforcement agent, whether federal or

7    state?

8                Have they violated your Constitutional rights

9    other than your claims as set forth just now?

10               THE DEFENDANT:  No, Your Honor.

11               THE COURT:  Excluding the claims and arguments

12   made in your first and second Motion to Suppress do you feel

13   that any other of your Constitutional rights have been

14   violated in any way in regard to the taking of any oral or

15   written statement from you by any police, governmental or law

16   enforcement agency, or by anyone directly or indirectly

17   having a connection with such agency or a person in such

18   agency?

19               Did they violate your Constitutional rights?

20               THE DEFENDANT:  No, Your Honor.

21               THE COURT:  Has anyone, including your attorney

22   or the United States Attorney, made any promise of leniency

23   or promise of any kind in return for a plea of guilty to this

24   particular charge other than those promises contained in the

25   written plea agreement which has just been filed herein, any

1    other promises?

2                    THE DEFENDANT:  No, Your Honor.

3                    THE COURT:  Has anyone threatened you in any way

4    or used force against you to induce you to plead guilty to

5    this particular count?

6                    THE DEFENDANT:  No, Your Honor.

7                    THE COURT:  Do you understand that any

8    recommendation by the prosecution or any agreement by the

9    prosecution not to oppose your attorney's request for

10   sentence is not binding upon the Court?  Do you understand

11   that?

12                   THE DEFENDANT:  Yes, I do, Your Honor.

13                   THE COURT:  Have you had the opportunity to

14   discuss your case thoroughly with your attorney, Mr. Cejas?

15                   THE DEFENDANT:  Yes, I have, Your Honor.

16                   THE COURT:  Have you discussed all of the facts

17   in the case with your attorney, Mr. Cejas?

18                   THE DEFENDANT:  Yes, I have, Your Honor.

19                   THE COURT:  Are you satisfied that your

20   attorney, Mr. Cejas, has fully considered all the facts and

21   discussed with you any possible defenses that you may have to

22   the charges against you?

23                   THE DEFENDANT:  Yes, I am, Your Honor.

24                   THE COURT:  Do you understand that should you be

25   sentenced to prison for this crime there's no parole?

1          THE DEFENDANT:  Yes, I do, Your Honor.

2          THE COURT:  Now, the statute under which you're

3   charged sets forth the maximum sentence which can be imposed.

4   Sentencing guidelines have been established which are used in

5   an advisory fashion to determine the actual sentence which

6   may be imposed upon you.

7          Are you aware that these guidelines take into

8   account the actual conduct in which you engaged, consider the

9   victims, if any, of your offense, the role that you played in

10   the offense, and whether or not you've engaged in any

11   obstruction of justice or have accepted responsibility for

12   your acts?

13          Do you understand all of this?

14          THE DEFENDANT:  Yes, I do, Your Honor.

15          THE COURT:  Do you understand that your criminal

16   history or the lack thereof is an important factor in

17   applying the advisory sentencing guideline range?  Do you

18   understand that?

19          THE DEFENDANT:  Yes, I do, Your Honor.

20          THE COURT:  Now, this Court has a right to

21   depart upward or downward from the Advisory Sentencing

22   Guidelines range.  However, it can't do anything until a

23   pre-sentence report is prepared by the probation office of

24   this court which sets forth your personal history as well as

25   the facts of this case.

1    Until such a report is completed it is

2    impossible for either this Court or for your lawyer,

3    Mr. Cejas, to know precisely and exactly what sentence range

4    will be prescribed for Count One by the Advisory Sentencing

5    Guideline range.

6         Do you understand that this?

7         THE DEFENDANT:  Yes, I do, Your Honor.

8         THE COURT:  Do you understand this Court will

9    follow the procedure set forth in Title 18, United States

10   Code Section 3553 when it determines your sentence and it can

11   do so only after receiving the pre-sentence report?

12        Do you understand that?

13        THE DEFENDANT:  Yes, I do, Your Honor.

14        THE COURT:  It may be necessary to resolve

15   disputed facts contained in the pre-sentence report and that

16   the resolution of these facts may affect the application of

17   the Advisory Sentencing Guidelines.  Do you understand this?

18        THE DEFENDANT:  Yes, I do, Your Honor.

19        THE COURT:  Have you discussed the Advisory

20   Sentencing Guidelines with your attorney, Mr. Cejas?

21        THE DEFENDANT:  Yes, I have, Your Honor.

22        THE COURT:  Has Mr. Cejas explained to you the

23   various considerations which go into determining which

24   advisory guideline might be applied in your case?

25        THE DEFENDANT:  Yes, he has, Your Honor.

1          THE COURT:  At this point it is unlikely that

2     Mr. Cejas can be specific as to the guideline which will

3     apply in your case until he has seen all of the necessary

4     information, and that is in the pre-sentence report.  The

5     pre-sentence report has been prepared in this case, however,

6     but I want to emphasize that you will not be able to withdraw

7     your plea of guilty should be plead guilty to Count One on

8     the ground that your lawyer's prediction as to the advisory

9     sentencing guideline range proved to be in error or

10    inaccurate.

11          Do you understand that?

12          THE DEFENDANT:  Yes, I do, Your Honor.

13          THE COURT:  Now, you have a right to appeal in

14    this case because you're reserving that right based on your

15    Motions to Suppress in this case.  However, the government --

16    other than the right to appeal that particular matter, you

17    can appeal anything else in this particular case other than

18    that particular matter.

19          You're waiving your right to appeal your

20    conviction.  You're waiving your right to appeal any sentence

21    imposed except you're reserving your right to appeal based on

22    the two Motions to Suppress that you have made in this case.

23          Do you understand this?

24          THE DEFENDANT:  Yes, I do, Your Honor.

25          THE COURT:  On the other hand, the government

1   claims that it may appeal any sentence this Court imposes,

2   and that's said in the plea agreement.  However, since it's

3   in the plea agreement you're aware of that.  But I want to

4   emphasize that this Court is not passing on the right of the

5   government to appeal, even though they set it forth in the

6   plea agreement.

7            Because the plea agreement is a contract, basic

8   contract law indicates that any remedy must be fair and

9   equal.  This Court doesn't think it may be fair but I want to

10  emphasize that it's in your plea agreement that you've waived

11  that right while the government has not, subject to your

12  Motions to Suppress.

13           Ms. Yusi, does the government consent to the

14  condition that the defendant reserves his right to appeal

15  based on the two Motions to Suppress that he's made in this

16  case?

17           MS. YUSI:  We do, Your Honor.

18           THE COURT:  All right.  Mr. Darby, apart from

19  this condition you know you're waiving your right to appeal.

20  Do you understand that, sir?

21           THE DEFENDANT:  Yes, I do, Your Honor.

22           THE COURT:  Mr. Cejas -- and you're waiving your

23  right both to your right to appeal your conviction as well as

24  your right to appeal any sentence, you're waiving those

25  rights except to the extent of your Motion to Suppress.

1          Do you understand that, sir?

2              THE DEFENDANT:  Yes, I do, Your Honor.

3              THE COURT:  Mr. Cejas, has this defendant been

4    competent and able to cooperate with you in this case?

5              MR. CEJAS:  Yes, sir.

6              THE COURT:  Have you discussed the facts of this

7    case in detail with Mr. Darby, the defendant?

8              MR. CEJAS:  I have.

9              THE COURT:  Are you satisfied that there are no

10   meritorious defenses to Count One that this defendant might

11   raise in this case which in your opinion would result in a

12   not guilty verdict by a jury?  Are you so satisfied?

13             MR. CEJAS:  Yes, sir.

14             THE COURT:  Excluding the claims and arguments

15   made in your first Motion to Suppress filed on April 13,

16   2016, and the second Motion to Suppress filed on May 3rd,

17   2016, are you satisfied that the defendant's Constitutional

18   rights have been observed heretofore in this case?

19             MR. CEJAS:  Yes, sir.

20             THE COURT:  Are you satisfied that as the

21   defendant, Mr. Darby, stands before the bar today that he is

22   not under the influence of any drugs, narcotic, marijuana or

23   alcohol?  Are you so satisfied?

24             MR. CEJAS:  Yes, I am.

25             THE COURT:  Do you know of any reason of any

1    nature which would prevent this defendant from pleading

2    guilty to Count One of this indictment?

3              MR. CEJAS:  No, sir.

4              THE COURT:  Now, Mr. Darby, I am going to read

5    to you Count One of the indictment.  I'm going to ask you how

6    you plead.  I want to emphasize regardless that you've

7    entered into an agreement in this case, a plea agreement, you

8    can plead not guilty if you desire to do so.

9              Do you understand that?

10             THE DEFENDANT:  Yes, I do, Your Honor.

11             THE COURT:  This is in the United States

12   District Court for the Eastern District of Virginia, Norfolk

13   Division, United States of America versus Gerald Andrew

14   Darby, Criminal Action No. 216cr36.  The indictment was

15   handed down in the March of 2016 term at Norfolk, Virginia.

16             Count One:  The grand jury charges that on or

17   about October the 27th, 2014, in Suffolk, in the Eastern

18   District of Virginia and elsewhere, Defendant Gerald Andrew

19   Darby did knowingly receive a visual depiction using a means

20   and facility of interstate and foreign commerce, and that had

21   been shipped and transported in and affecting interstate and

22   foreign commerce, and which contained materials which had

23   been so shipped and transported by any means, including by

24   computer, and the production of such visual depiction

25   involved the use of a minor engaging in sexually explicit

1  conduct, and such visual depiction was of such conduct, that

2  is, Gerald Andrew Darby received a visual depiction bearing

3  the file name, quote, (John Doe)+9yr+00016.jpg.jpg, end of

4  quote, in violation of Title 18, United States Code Sections

5  2252(a)(2), 2256(1), and Title 18 United States Code Section

6  2.

7          Subject to your Motions to Suppress, the two

8  Motions to Suppress that you have made in this case, how do

9  you plead to this Count One of the indictment?

10         THE DEFENDANT:  Guilty, Your Honor.

11         THE COURT:  Are you entering this plea of guilty

12  freely and voluntarily, Mr. Darby?

13         THE DEFENDANT:  Yes, I am, Your Honor.

14         THE COURT:  Are you pleading guilty because you

15  are, in fact, guilty of the offense with which you're charged

16  subject to your pleas -- subject to your motions to -- both

17  Motions to Suppress in this case?  I'll repeat that.

18         Are you pleading guilty because you're, in fact,

19  guilty of this offenses with which you're charged subject to

20  the Motions to Suppress which you made in this case?

21         THE DEFENDANT:  Yes, I am, Your Honor.

22         THE COURT:  All right.  You can have a seat,

23  Mr. Darby.

24         Ms. Yusi, would you please recite the facts, or,

25  Ms. Fisher, which you expect that the government would have

1    shown in this case relating to this offense to which the

2    defendant has pled guilty?  Ms. Fisher, thank you.

3              MS. FISHER:  Yes, Your Honor.  The Statement of

4    Facts is as follows:

5              Subject to the appeal of defendant's first and

6    second Motions to Suppress, the parties stipulate that the

7    allegations in Count One of the criminal indictment and the

8    following facts are true and correct, and that had the matter

9    gone to trial the United States would have proven them beyond

10   a reasonable doubt.

11             From in or about August 2014 through in and/or

12   about March 2015 a hidden site dedicated to the sharing of

13   images of minors engaging in sexually explicit conduct

14   operated on an anonymous network accessible through the

15   Internet.  During the period in which it operated the site,

16   hereinafter Website A, grew to be the largest known hidden

17   site dedicated to the sharing of images of minors engaging in

18   sexually explicit conduct operating on the anonymous network

19   worldwide.

20             Website A's content was accessible only to

21   individuals who knew of the site and its location and who

22   created membership accounts.  Website A's registration

23   process included content about the information required to

24   create an account, including an instruction not to use a

25   legitimate e-mail address or to disclose any identifying

1    information, as well as other recommendations on how to hide

2    a user's identity.

3              Website A's content was categorized in sections,

4    forums and subforums.  Within these were various topics

5    authored by site members to which other members could reply.

6    When accessed, the topic's original post appeared at the top

7    of the page with any corresponding replies included below it

8    in a thread form.  These topics included text, images,

9    thumbnail previews of images, compressed files, and links to

10   external websites.  Certain topics contained information

11   about how to cruise the site.  However, the majority

12   contained discussions about and numerous images that appeared

13   to depict images of minors engaging in sexually explicit

14   conduct and child erotica involving children of various ages,

15   including prepubescent girls, boys, and toddlers.  The

16   sections, forums and subforums containing these threads were

17   organized by gender, age and type of sexual activity.

18             The Federal Bureau of Investigation is an agency

19   within the Department of Justice of the United States and has

20   jurisdiction to investigate crimes involving the sexual

21   exploitation of children.

22             In early 2015 the FBI determined the location at

23   which Website A was hosted.

24             On February 20, 2015, FBI agents sought and

25   obtained lawful court authorizations from the United States

 1   District Court for the Eastern District of Virginia,

 2   Alexandria Division, to:  One, monitor the communications of

 3   Website A's members and, two, deploy a law enforcement

 4   technique on the site to identify registered members through

 5   their actual IP addresses and other information associated

 6   with the computers they used to access Website A.

 7             On or about February 22nd, 2015, the law

 8   enforcement technique was lawfully deployed pursuant to such

 9   authorization against Website A member NeoUmbrella.  Among

10   the information obtained through the deployment of this

11   technique were the member's true IP address, the host

12   computer name, GLADOS, and the log-on name, Kasalari.  The IP

13   address associated with the NeoUmbrella account returned to a

14   location in Suffolk, Virginia.  That IP address belonged to

15   Gerald Andrew Darby, hereinafter Darby, the defendant herein.

16             According to data obtained from Website A's log

17   the NeoUmbrella membership was created on December 25th,

18   2015.  Between December 25th, 2014, and March 2, 2015,

19   NeoUmbrella was actively logged into Website A for a total of

20   three hours and 47 minutes.  NeoUmbrella accessed topics that

21   included links and preview images of material depicting

22   minors engaging in sexually explicit conduct.  NeoUmbrella

23   did not create or respond to any topics, did not engage in

24   private messaging with other members, and did not upload any

25   content, including any images or videos, to Website A.

1      During the period in which NeoUmbrella accessed

2  Website A Darby resided at his residence located in Suffolk,

3  Virginia.

4      On January 4, 2016, FBI Special Agent Stacey

5  Sullivan obtained a federal search warrant for Darby's

6  residence.

7      On January 7, 2016, agents and Task Force agents

8  with the FBI, along with other law enforcement agents,

9  conducted a search of Darby's residence pursuant to the

10  lawfully obtained search warrant and seized several computers

11  and other electronic media storage items.

12      During the January 7th --

13      THE COURT:  Stop.  Go ahead.

14      MS. FISHER:  During the January 7th, 2016

15  search, law enforcement agents spoke with Darby at his

16  residence.  Darby was advised that a federal search warrant

17  was being executed at his residence.  Darby was further

18  advised that he was not under arrest, that he did not have to

19  talk to the interviewing agents, and that he was free to

20  leave the residence at any time during the execution of the

21  search warrant.

22      Following these advisements Darby agreed to

23  speak with the agents.  Darby told the interviewing agents in

24  sum and substance that he had been accessing images of minors

25  engaging in sexually explicit conduct on the Dark Net

1    approximately twice a month and that he had been collecting

2    these images for the past three to four years.  He downloaded

3    images of minors engaging in sexually explicit conduct to his

4    computers and to his external hard drive.  He stated he never

5    distributed these images or commented on them online.

6                On or about February 2nd, 2016, a Department of

7    Justice forensic examiner completed a forensic analysis of

8    the electronic media seized from the defendant's residence,

9    including an Asus laptop which contained a Samsung hard drive

10   therein, a second Asus laptop computer with both a Samsung

11   and HGST hard drive contained therein, and a Seagate USB

12   external hard disc drive.  Located on these electronic media

13   were approximately 1,608 images and 298 videos of images of

14   minors engaging in sexually explicit conduct as defined in 18

15   United States Code Title 2256(2)(A) through (B).  These

16   images and videos contained depiction of minors being

17   sadistically and masochistically abused.

18               The defendant's computers and external hard

19   drive were manufactured outside the Commonwealth of Virginia.

20               The defendant's computers throughout the time

21   period as delineated in the indictment had access to the

22   Internet, which is an interconnected network of computers

23   with which one communicates when online, and that this

24   network crosses state and national borders.

25               The defendant admits and the evidence

1    substantiates that on or about October 27, 2014, in Suffolk,

2    in the Eastern District of Virginia and elsewhere, he did

3    knowingly receive a visual depiction using a means and

4    facility of interstate and foreign commerce and that had been

5    shipped and transported in and affecting interstate and

6    foreign commerce and which contained materials which had been

7    so shipped and transported by any means, including by

8    computer, and the production of such visual depiction

9    involved the use of a minor engaging in sexually explicit

10   conduct, and such visual depiction was of such conduct, that

11   is, Gerald Andrew Darby received a visual depiction bearing

12   the file name [Jane Doe]+9yr+00016.jpg.jpg.  This image

13   depicts a prepubescent nude girl lying on her back on a bed

14   with her legs spread apart.  The girl's fingers are spreading

15   apart her vagina.  Her vagina and anus are the focus of the

16   image.

17            The defendant admits that this image had been

18   mailed and shipped and transported in interstate and foreign

19   commerce by any means, including by a computer.

20            The events described herein occurred in the

21   Eastern District of Virginia.

22            The defendant stipulates and agrees that his

23   participation in the events described was undertaken

24   knowingly, intentionally and lawfully and not as a result of

25   an accident, mistake, or other innocent reason.

1    THE COURT:  Mr. Darby, would you please stand?

2    Except for your contention that certain

3    materials were obtained by an unlawful search and seizure and

4    subject to that, the two references to lawful warrants in

5    this in paragraphs 7 and 11, and except with your, which --

6    except for that to the extent that -- subject to your

7    claim -- let me start from the beginning, I better start --

8    forget everything I've said up to now about this Statement of

9    Facts.

10    In relation to the Statement of Facts, subject

11    to your two Motions to Suppress in this case, are the facts

12    stated in the Statement of Facts true and correct, Mr. Darby?

13    THE DEFENDANT:  Yes, Your Honor.

14    THE COURT:  Mr. Marshall, would you hand to

15    Mr. Darby this document?

16    Mr. Darby, the Statement of Facts from which

17    Ms. Fisher read has just been handed to you.

18    Have you gone over that Statement of Facts with

19    your attorney, Mr. Cejas?

20    THE DEFENDANT:  Yes, I have, Your Honor.

21    THE COURT:  And have you signed this Statement

22    of Facts?

23    THE DEFENDANT:  Yes, I have, Your Honor.

24    THE COURT:  And have you initialed all the other

25    pages?

1     THE DEFENDANT:  Yes, I have, Your Honor.

2     THE COURT:  And, Mr. Cejas, have you witnessed

3   Mr. Darby signing this and have gone over these Statements of

4   Facts with Mr. Darby?

5     MR. CEJAS:  Yes, sir.

6     THE COURT:  And have you signed as a witness to

7   Mr. Darby's signatures?

8     MR. CEJAS:  Yes, sir.

9     THE COURT:  The Statement of Facts I find --

10  and, Mr. Darby, are you signing the Statement of Facts freely

11  and voluntarily, sir?

12    THE DEFENDANT:  Yes, Your Honor.

13    THE COURT:  And are you signing this because the

14  facts are true as stated in the Statement of Facts subject to

15  your two Motions to Suppress in this case?

16    THE DEFENDANT:  Yes, Your Honor.

17    THE COURT:  It's the finding of the Court in the

18  case of the United states versus Gerald Andrew Darby that

19  this defendant is fully competent and capable of entering an

20  informed plea with respect to Count One, and that his

21  conditional plea of guilty is a knowing and voluntary plea

22  supported by an independent basis in fact containing each of

23  the essential elements of the offense.

24    This Court accepts the guilty plea and finds

25  this defendant guilty as to Count One subject to the two

1    Motions to Suppress.

2              Now, a written pre-sentence report has

3    previously been prepared in this case and consequently we

4    will close this proceeding at this time for the guilty plea

5    portion of it.  All right?

6              We'll take a five-minute recess.

7              (Recess take 10:53 until 11:04 a.m.)

8              THE COURT:  The defendant has moved to waive the

9    pre-sentence report for immediate sentencing, and it appears

10   that and the Court does find that the documents previously

11   submitted as the motion as set forth and the previous

12   pre-sentence report provide this Court with sufficient

13   information and I so find and sufficient evidence to consider

14   in detail the nature and circumstances of the offense, the

15   history and characteristics of Mr. Darby, the need for the

16   sentence imposed to reflect the seriousness of the offense

17   and to promote respect for the law, to provide just

18   punishment for the offense, that the pre-sentence report

19   gives sufficient information to afford adequate deterrence to

20   criminal conduct, and to protect the public from further

21   crimes Mr. Darby may commit, and to provide Mr. Darby with

22   needed educational or vocational training, medical care, or

23   other correctional treatment in the most effective manner.

24             It also sets forth the kind of sentences

25   available, the kinds of sentences in the sentencing range

1    that the Sentencing Guidelines said forth.  The disparities

2    of some -- we've got to avoid unwarranted sentencing

3    disparities among defendants with similar records.  All of

4    this is sufficiently set forth in the prior pre-sentence

5    report.  Therefore, this Court finds that it has sufficient

6    information to impose a sentence sufficient but no greater

7    than necessary to comply with the factors set forth in Title

8    18, Section 3553.  In light of this, this Court waives any

9    requirement for a pre-sentence report and the defendant --

10   and this is based on the motion made by the defendant in this

11   case, and the Court grants said motion.

12              We'll proceed then to sentencing.

13              Based on the waiver that the defendant has made

14   is there anything need be done in relation to that particular

15   motion, Ms. Yusi?

16              MS. YUSI:  No, Your Honor.

17              THE COURT:  All right.  We'll proceed.

18              Mr. Darby, if you'll come forward.

19              Mr. Darby, this is a sentencing hearing.  At

20   this hearing you have the right to present a sworn or an

21   unsworn statement.  You have a right to have your attorney

22   speak for you or to present any letters or writings or

23   witnesses or any documents or any information of any kind

24   that you think might be helpful to the Court in announcing

25   the sentence to be imposed upon you.

1    Do you understand your rights before sentence is

2    imposed?

3    THE DEFENDANT:  Yes, I do, Your Honor.

4    THE COURT:  Now, Mr. Darby, have you had an

5    opportunity to go over the pre-sentence report in this case

6    with your attorney, Mr. Cejas, in this case?

7    THE DEFENDANT:  Yes, I have, Your Honor.

8    THE COURT:  Do you feel there's anything

9    incorrect in the pre-sentence report, Mr. Darby, other than

10   the fact that you maintain your two Motions to Suppress?

11   THE DEFENDANT:  No, I do not, Your Honor.

12   THE COURT:  One problem I have is that,

13   Mr. Cejas, you objected to the inclusion of the polygraph

14   results in paragraph 26 which states the result of the exam

15   were inconclusive.  I have previously felt that it should

16   remain in the pre-sentence report, but I'll give you an

17   opportunity to argue the point again if you so desire,

18   Mr. Cejas.

19   MR. CEJAS:  No, sir, Your Honor.  We're willing

20   to accept the Court's previous ruling on that issue.

21   THE COURT:  Anything you want to add, Ms. Yusi

22   or Ms. Fisher?

23   MS. YUSI:  No, Your Honor.

24   THE COURT:  All right.  I'm going to overrule

25   that particular objection and it's going to be included in

1    the pre-sentence report.  I've certainly gone over this

2    matter before in relation to the sentencing calculations by

3    the sentencing guidelines.

4             It appears the base offense level is 22 in this

5    case.  Do you agree, Mr. Cejas?

6             MR. CEJAS:  Yes, sir, Your Honor.

7             THE COURT:  You indicated that he pled guilty to

8    receipt of material involving sexual exploitation of a minor,

9    which takes two points off.  The offense involved a minor who

10   had not yet attained the age of 12.  Let's go into all of the

11   Sentencing Commission's report itself which indicates that

12   this happens in overwhelmingly almost every single case, that

13   there is -- the special offense characteristics, that is, an

14   offense involved material portraying sadistic or masochistic

15   conduct or the depiction of violence.

16            We are now in a situation in all of these cases

17   in which a majority of cases involve this, in almost all of

18   the cases again.  The offense you're involved in, that's a

19   plus four.  The offense involved the use of a computer, and

20   it almost gets to be a joke in relation to this because

21   almost every single case involves a computer.  I would

22   certainly take out the sexual exploitation, I would certainly

23   take out that it involved a minor who has not yet attained

24   the age of 12 and I'd probably take out the offense involved

25   the use of a computer of two points because that's

1    unquestionably in there.

2            The offense involved 600 or more images, isn't

3    much question.

4            That he's accepted responsibility, there's no

5    question about that and, therefore, the second point.  The

6    defendant indicates something less than that but I'll be glad

7    to hear argument on that at this time, considering what you

8    contend, Mr. Cejas, and then I'll hear from the government

9    and then come back to you.

10           Mr. Darby, you can have a seat during this, if

11   you like.

12           MR. CEJAS:  Your Honor, I'll be brief.  We're

13   asking the Court to impose a sentence of 60 months followed

14   by a term of supervised release not to exceed 15 years.  I

15   believe that's the sentence that the Court imposed

16   previously.

17           The Court also -- I believe Your Honor filed a

18   written opinion as to why that sentence was imposed.  We

19   certainly would cite that as grounds for support of a

20   60-month sentence in this case.

21           We would note that the government in this

22   instance is not objecting to a 60-month sentence.  So we

23   believe that that is -- for the reasons that the Court cited

24   in its opinion, I forgot the document number but the --

25           THE COURT:  You don't have to give it.  I'm well

 1    aware of it, Mr. Cejas.

 2              MR. CEJAS:  I assumed so.

 3              THE COURT:  So let me hear from the government

 4    and see what they say.  I don't think they particularly

 5    oppose it but we'll see what Ms. Fisher has to say.

 6              All right, Ms. Fisher, be glad to hear from you.

 7              MS. FISHER:  Yes, Your Honor.  As far as

 8    argument, the United States stands on the previously filed

 9    sentencing memorandum and the previous oral argument made at

10    the prior sentencing hearing.

11              And Mr. Cejas is correct, that the government in

12    concession for the defendant's agreement to waive his motion

13    to compel the government agrees that a 60-month sentence is

14    appropriate in this case.

15              THE COURT:  All right.  I thank you very much.

16              It appears to me that the Court finds that what

17    it imposed previously was sufficient but no greater than

18    necessary.  The reasons it set forth in its written opinion

19    it readopts and confirms in this particular case without

20    setting them forth in detail as they've been set forth in

21    sufficient detail.  I think that a sentence -- it will impose

22    a sentence sufficient but no greater than necessary.

23              Mr. Darby, if you'll come forward, please.

24              It appears that you're responsible for receiving

25    and possessing child pornography.  You possessed 1,584

1    images, and 24 images of depicting bondage.

2              You were raised in a loving and stable home that

3    was free of abuse.  Both parents worked.  They coordinated

4    their work schedules where one of them was always at home to

5    care for the children.  You were unfortunately bullied during

6    middle and high school and therefore were somewhat immature.

7    You did well academically and you went to college.  You

8    enlisted in the Navy.  You completed the Naval Nuclear Power

9    program and you were stationed at the Naval Medical Center in

10   Portsmouth.

11             You've suffered from depression on and off.  A

12   lot of this concerns the immaturity and insecurity that so

13   often accompanies individuals similar to you.  There's no

14   question that the offense is serious but there's no question

15   that your personal history leaves a lot -- the question of

16   the sentencing guidelines are extremely important.  And to go

17   over those again is the -- we've got to consider the

18   seriousness of the offense, we've got to promote respect for

19   the law and to provide just punishment for offense.  We've

20   got to afford adequate deterrence to criminal conduct and to

21   protect the public from further crimes the defendant may

22   commit, and to provide the defendant with needed educational

23   or vocational training, medical care, or other correctional

24   treatment in the most effective manner considering the kind

25   of sentences available and the sentencing ranges as provided

40

 1   by the Sentencing Guideline Commission.

 2              I also have to consider disparity of sentences

 3   which we have set forth in some detail in the written opinion

 4   in relation to this matter.  I'm very concerned concerning

 5   the lack of publicity afforded by the Internet as to the

 6   seriousness of the offenses involved.  I think people are

 7   misled by virtue of the Internet.

 8              The Internet itself has become the pornographic

 9   star of the world.  We now know that pornography is the

10   number one income provided by the Internet.  What a mess.

11   What a mess.  I mean, when we start considering all of this

12   we consider creating problems.  The zest for the material

13   gains that are provided, are we punishing the right people?

14   It scares me.

15              How could anyone maintain that the Internet does

16   not know what's going on?  It bothers me greatly that the

17   massive amounts of it provided.  However, Mr. Darby

18   participated in it, and it couldn't continue unless people

19   like Mr. Darby would participate in it.  So we've got to

20   somehow minimize this conduct.

21              The great tragedy is the monetary reward that

22   some parents get from publishing and producing this is

23   unquestionably sickening.  It certainly doesn't lessen what

24   Mr. Darby has done but it does represent the fact that we may

25   not be utilizing the best possible means to reduce the

1    victimization of children.

2              In any event, I find a sentence sufficient but

3    no greater than necessary in this case for the reasons I've

4    previously set forth in a written opinion which I adopt

5    herein.

6              Pursuant to the Sentencing Reform Act of 1984 --

7    excuse me.  I didn't give you a chance to say anything,

8    Mr. Darby.  You have a right again to make a sworn or an

9    unsworn statement, sir, if you desire.  You don't have to but

10   you can.

11             THE DEFENDANT:  No, thank you, Your Honor.

12             THE COURT:  Pursuant to the Sentencing Reform

13   Act of 1984 it's the judgment of the Court that the Defendant

14   Gerald Andrew Darby is hereby committed to the custody of the

15   United States Bureau of Prisons to be imprisoned for a term

16   of 60 months subject, of course, to his appeal and to his two

17   Motions For Suppression and the determination of the same.

18             The defendant is remanded to the custody of the

19   United States Marshal.

20             Upon release from imprisonment the defendant

21   shall be placed on supervised release for a term of 15 years.

22             Within 72 hours of release from the custody of

23   the Bureau of Prisons the defendant shall report in person to

24   the probation office in the district to which the defendant

25   is released.

1          The defendant shall refrain from any unlawful

2     use of a controlled substance and submit to one drug test

3     within 15 days of release on supervised release and at least

4     two periodic drug tests thereafter as directed by the

5     probation officer.

6          While on supervision the defendant shall not

7     commit another federal, state or local crime, shall not

8     unlawfully possess a controlled substance, shall not possess

9     a firearm or destructive device.  The defendant shall comply

10    with the standard conditions that have been adopted by this

11    Court for probation and supervised release.

12          The defendant shall comply with the following

13    additional conditions:  If the defendant tests positive for

14    illicit substances or alcohol during his period of supervised

15    release he shall participate in a program approved by the

16    United States Probation Office for substance abuse, which

17    program may include residential treatment and testing to

18    determine whether the defendant has reverted to the use of

19    drugs or alcohol, with partial cost to be paid by the

20    defendant.  All this may be directed by the probation

21    officer.

22          The defendant shall abstain from alcohol during

23    his period of supervised release.

24          The defendant shall waive all rights of

25    confidentiality regarding substance abuse treatment in order

1    to allow the release of information to the United States

2    Probation Office and authorized communication between the

3    probation officer and any treatment provider.

4         The defendant shall participate in any program

5    approved by the United States Probation Office for mental

6    health treatment to include psychosexual evaluation and sex

7    offender treatment.  The cost of these programs are to be

8    paid partially by the defendant as may be directed by the

9    probation officer.

10        The defendant shall waive all rights of

11   confidentiality regarding sex offender mental health

12   treatment to allow the release of information to the United

13   States Probation Office and the Bureau of Prisons and

14   authorized communication between the probation officer, the

15   Bureau of Prisons, and any treatment provider.

16        The defendant shall submit to polygraph testing

17   as directed by the United States Probation Office as part of

18   the defendant's sex offender therapeutic program.  The costs

19   of the testing are to be paid partially by the defendant all

20   as directed by the probation officer.

21        The defendant shall submit to penile

22   plethysmograph testing or Abel Assessment for Sexual

23   Interest, the CC, as directed by the United States Probation

24   Office as part of his sexual offender therapeutic treatment.

25   The costs of this testing are to be paid partially by the

44

1    defendant as may be directed by the probation officer.

2              The defendant shall not utilize any sex-related

3    adult telephone services, websites or electronic bulletin

4    boards.

5              The defendant shall submit any records requested

6    by the probation officer to verify compliance with this

7    condition, including but not limited to credit card bills,

8    telephone bills, cable and satellite television bills or any

9    bills of any kind to access any Internet or other type of

10   devices.

11             The defendant shall not have access to or

12   possess any pornographic material or pictures displaying

13   nudity or any magazines using juvenile models or pictures of

14   juveniles.

15             The defendant shall have no contact with minors

16   unless supervised by a competent, informed adult approved in

17   advance by the probation officer.

18             The defendant shall not engage in employment or

19   volunteer services that allow him access to computers or

20   minors without the express permission in advance by the

21   probation officer.

22             Pursuant to the Adam Walsh Child Protection and

23   Safety Act of 2006 the defendant shall register with the

24   state sex offender registration agency in any state where the

25   defendant resides, works and attends school, according to

1   federal and state law as directed by the probation officer.

2           Pursuant to that Adam Walsh Child Protection and

3   Safety Act of 2006 the defendant shall submit to a search of

4   his person, property, house, residence, vehicle, papers,

5   computer or other electronic communication or data storage

6   devices or media and his effects at any time by any law

7   enforcement or probation officer with reasonable suspicion

8   concerning unlawful conduct or a violation of a condition of

9   supervision upon prior notification to and approval by the

10  Court or with a warrant.

11          The defendant shall not possess or use a

12  computer to access any online computer services at any

13  location, including employment, without the prior approval of

14  the probation officer.  This includes any Internet service

15  providers, bulletin board systems or any other public or

16  private computer network.

17          The Court has considered the defendant's net

18  worth of $16,918 and zero liquid assets, his lifestyle and

19  financial needs as reflected in the pre-sentence report, his

20  earning potential and the lack of dependents relying on his

21  support.  The Court finds that the defendant is not capable

22  of paying a fine.

23          However, the defendant shall pay the following

24  total penalties.  As to Count One, the defendant shall pay a

25  special assessment in the amount of $100.  There's no

1    restitution and no fine.  Payment of the criminal monetary

2    penalties shall be due in full immediately as to this special

3    assessment.  Any balance remaining unpaid on the special

4    assessment at the inception of supervision shall be paid by

5    the defendant in installments of not less than $25 per month

6    until paid in full.  Said payment shall commence 60 days

7    after the defendant's supervision begins.

8            Nothing in the Court's order shall prohibit the

9    collection of any special assessment by the Bureau of Prisons

10   while the defendant is incarcerated.

11           Anything further need be done in this matter,

12   Ms. Yusi?  Ms. Fisher?

13           MS. YUSI:  No, Your Honor.

14           THE COURT:  How about the remaining counts of

15   the indictment?

16           MS. YUSI:  They were previously dismissed, Your

17   Honor, but we would renew our motion to dismiss the remaining

18   counts of the indictment.

19           THE COURT:  The remaining counts of the

20   indictment are hereby dismissed if not previously dismissed

21   to which the defendant has not pled guilty.

22           Does anything further need be done in this

23   matter, Mr. Cejas?

24           MR. CEJAS:  No, sir.  Thank you, Your Honor.

25           THE COURT:  Thank you, in which case we'll

47

1    recess till 2:30.

2                 (Whereupon, the proceedings were concluded at

3    11:32 a.m.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                    COURT REPORTER'S CERTIFICATE

2

3

4             I, Emily Koppenhaver, RMR, official court reporter,

5    certify that I recorded verbatim by stenotype the proceedings

6    in the captioned cause before the HONORABLE ROBERT G. DOUMAR,

7    Judge of said Court, Norfolk, Virginia, on the 21st day of

8    March, 2017.

9             I further certify that to the best of my knowledge

10   and belief, the foregoing transcript constitutes a true and

11   correct transcript of the said proceedings.

12            Given under my hand this _____ day of

13   May, 2017, at Norfolk, Virginia.

14

15

16

17

18            _____

19                 Emily Koppenhaver, RMR

20

21

22

23

24

25
```